6246, 6247.  OCILLA SOUTHERN RAILROAD COMPANY *v.* MORTON, agent; and *vice versa.*

BROYLES, J.  1. Under the particular facts of this case, the writ of error can not be dismissed for lack of a sufficient assignment of error. "It is distinctly shown [in the bill of exceptions] that there was no controversy about facts; that only one question of law was submitted to the court; that the court decided it adversely to the contention of the plaintiff in error, and entered a judgment against him; and that the latter excepted and assigned this as error. Good practice required no more." *Patterson v. Beck*, 133 *Ga.* 701 (1), 707 (66 S. E. 911).

2. While all the property of a railroad company is subject to be applied to the payment of its just debts, and may be sold for that purpose under a judgment at law, the judgment and the execution founded thereon must be specially molded in compliance with sections 5928 and 6025 of the Civil Code of 1910; and a sale under an execution not so molded, about to be made by the sheriff, may be arrested by an affidavit of illegality interposed by the corporation through its proper officers. *City of Atlanta v. Grant*, 57 *Ga.* 340. There was no such special lien created by the judgment in this case, and therefore, under the foregoing ruling and the decision in *Gammage v. Georgia Southern Railroad Co.*, 65 *Ga.* 614, a locomotive and tender of the railroad company, in actual use, could not be legally levied upon in this case (see also 4 Cook on Corporations, § 899); and the trial judge, sitting without the intervention of a jury, erred in holding that such property was

subject to the levy, and in dismissing the affidavit of illegality interposed thereto.

*Judgment on the main bill of exceptions reversed; on cross-bill affirmed.*
                    DECIDED MARCH 4, 1916.

Affidavit of illegality; from city court of Nashville—W. G. Harrison, judge pro hac vice.   November 23, 1914.

*J. D. Lovett, H. J. Quincey, J. B. Wall,* for plaintiff in error.
*Hendricks, Mills & Hendricks,* contra.