### 13714.  HART v. LEE et al.

STEPHENS, J.  1.  The sufficiency of an assignment of error in a bill of exceptions is determinable not only by the language contained in the assignment itself, but, in addition thereto, by the nature and character of the judgment complained of.  While in some instances, where the nature of the judgment complained of is considered, an assignment of error upon the ground that the judgment is " contrary to law," without more, is insufficient, yet an assignment of error which complains of a single designated ruling which was based upon a certain and definite ground, as, for instance, in the case under consideration, where the bill of exceptions recites the sustaining of a general demurrer to the petition upon the ground that the petition set out no cause of action, and assigns error thereon as being " contrary to law," specifically sets out the errors complained of, and is sufficient to withstand a motion to dismiss the bill of exceptions upon the ground of an insufficient assignment of error.  *Melson* v. *Thornton*, 113 *Ga.* 99 (38 S. E. 342) ; *DuBose* v. *Bank of Sparta*, 139 *Ga.* 115 (76 S. E. 864).

2. The failure of a fire-insurance company doing business in this State to register, or to pay the license required by law of insurance companies doing business in this State, does not relieve such a company from liability to its policy-holders upon policies thus issued in violation of law.

3. The mere selling by an insurance agent of a fire-insurance contract in a company which, with the agent's knowledge, is doing business in this State in violation of law is insufficient, without more, to render the agent liable to the policy-holder for any loss sustained by the latter by reason of his failure or inability to collect the amount due for a fire loss arising under the policy.

4. The petition failed to set out a cause of action, and it was properly dismissed on general demurrer.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*
DECIDED NOVEMBER 23, 1922.

Action for damages; from Bulloch superior court — Judge Strange.  May 8, 1922.

*F. B. Hunter, Anderson & Jones,* for plaintiff.
*Moore & Neville,* for defendants.