40578, 40611. RESERVE INSURANCE COMPANY v. DAVIS et al.; and vice versa.

DECIDED MARCH 17, 1964—REHEARING DENIED APRIL 3, 1964.

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* for plaintiffs in error.

*Aycock, Ivey & Slotin, Phillip Slotin,* contra.

FELTON, Chief Judge. ■ A motion to dismiss the writ of error was made, on the following grounds: (1) that there was no sufficient assignment of error; (2) that the plaintiff in error has no right of appeal from the decision of the judge acting as court and jury in the construction of a contract; and (3) that the plaintiff in error has not specified the errors sufficiently for review of the judgment by this court, either by filing a motion for a new trial or by a sufficient assignment of errors in its bill of exceptions.

The assignment of error was as follows: "To this portion of the order, the plaintiff then and there excepted, now excepts and assigns the same as error upon the grounds that it was contrary to law because the plaintiff was not liable under the insurance policy for the reasons stated in the petition; and upon the grounds that the plaintiff was entitled to the injunctive relief prayed for; and according to the plaintiff's contentions, the case thus illegally terminated." Immediately preceding this assignment of error was quoted that portion of the order ruling on the merits of the case.

"The sufficiency of an assignment of error in a bill of exceptions is determinable not only by the language contained in the assignment itself, but, in addition thereto, by the nature and character of the judgment complained of . . ." *Hart v. Lee,* 29 Ga. App. 253 (1) (114 SE 644). The judgment in the case sub judice is a declaratory judgment which adjudicated the rights of the parties under the provisions of a written insurance contract, a question of law. All issues of fact were stipulated, hence undisputed. While the general rule with regard to bills of exception, as set out in *Code Ann.* §§ 6-801 and 6-901, is that they shall plainly and specifically set forth the errors alleged to have been committed, "[t]his rule . . . is one of substantial practice, rather than a Procrustean rule of words." *Patterson v. Beck,* 133 Ga. 701, 705 (66 SE 911). The rule to be used in determining whether a general assignment of error is sufficient is that "[w]here there are several things involved in a judgment, the thing complained of ought to be made to appear." *Patterson v. Beck,* p. 705, supra. The only thing involved in the judgment under consideration was the matter of the plaintiff's liability under the insurance policy under the undisputed

facts. The assignment of error is made even more specific by quoting the specific portion of the order which is alleged to be error and, further, by stating that the order was contrary to law because the plaintiff was not liable under the insurance policy *for the reasons stated in the petition*. These reasons consisted of the existence of a clause excluding coverage on any automobile used as a livery conveyance unless such use is specifically declared in the policy and the absence of such specific declaration in the policy. This assignment was sufficient to identify the error complained of as the court's construction of the insurance contract. General assignments of error have been held sufficient where there was only one issue involved in the following cases: *Cambridge Tile Co. v. Scaife & Sons Co.*, 137 Ga. 281 (1) (73 SE 492); *Tilley v. King*, 190 Ga. 421 (1) (9 SE2d 670); *Ocilla Southern R. Co. v. Morton*, 17 Ga. App. 703 (1) (87 SE 1088), citing *Patterson v. Beck*, p. 707, supra; *Robinson v. Bryson & Sons*, 45 Ga. App. 440 (4) (165 SE 158).

There is no merit in the contention that no appeal will lie from the decision of the judge acting as court and jury in the construction of the contract. The provisions of *Code Ann.* § 6-901 give the right of appeal from any final judgment to an aggrieved party. There is likewise no merit in the ground urged that no motion for new trial was filed. "Where the issues of a case are submitted to the judge without the intervention of a jury, for his decision upon all matters of fact and of law, and he renders a judgment therein in term time, the losing party may review the judgment either by a direct bill of exceptions or by a motion for a new trial." *Yancey Bros. Co. v. Bowling*, 92 Ga. App. 291 (1a) (88 SE2d 566) and citations.

For the foregoing reasons, the motion to dismiss is denied.

■ Having decided in Division 1 above that the sole issue before the court below was one of law, i. e., the construction of the written insurance contract, we must now decide whether or not the judgment on the facts was contrary to the evidence.

The declarations in the policy showed that the insured's occupation was truck driver and that the use of the vehicles insured was declared to be "Pleasure and Business" (defined by the policy as "personal, pleasure, family and business use") rather than "Commercial" (defined as "use principally in the business

occupation of the named insured as stated in Item 2 [Truck driver], including occasional use for personal, pleasure, family and other business purposes.") The non-owner endorsement, quoted in part in the statement of facts above, affords to the insured *"such insurance as is afforded by the policy . . ."* with respect to the use of *any* automobile, subject to four provisions, none of which is applicable. The learned trial judge held that the fact that the declared use included the term "business," plus the fact that the insured's occupation was declared to be "truck driver," plus the statement that the insurance applied to the use of *"any* automobile" was sufficient to cover use by the insured as a truck driver. In our opinion this construction is not in accordance with the express provisions of the written contract for two reasons. Firstly, it ignores the distinction made in the declarations between primarily personal use, which was checked, and commercial use, which was not checked. The plaintiff's knowledge that the insured's occupation was truck driver was not of itself notice that the insured intended to obtain the insurance for use of his employer's trucks, which were used as public or livery conveyances especially since the personal, rather than the commercial use space was checked. Secondly, it ignores the fact that, although the use of "any automobile" is covered, the coverage is limited to *"such insurance as is afforded by the policy."* The policy clearly excludes coverage on automobiles while used as public or livery conveyances, unless such use is specifically declared and described in the policy. Nowhere in the policy is there any specific declaration and description of such use. To construe the contract as covering this use would be to re-write its express terms and give the insured additional coverage for which he has neither contracted nor paid. It was stipulated that the insured requested the insurance for the purpose of compliance with the Georgia Safety Responsibility Law, the purpose of which law being the protection of the public against losses caused by uninsured vehicles. The insured's employer, being a common carrier operating under a Certificate of Public Necessity, is required by law to file evidence of its financial responsibility with the Georgia Public Service Commission. The policy in question therefore is sufficient to comply with the Safety Responsibility Law since losses occurring while the insured

is driving his employer's public or livery trucks are covered by the employer's insurance (and excluded under the present policy) and losses occurring while the insured is driving non-owned automobiles other than while used as public or livery conveyances are covered under the policy. From the above it follows that the court erred in rendering a declaratory judgment against the plaintiff.

■ The court did not err in denying the bad faith penalties sought by the defendants' counterclaims inasmuch as the judgment against the plaintiff insurer is herein reversed.

*Judgment reversed on the main bill; affirmed on the cross bill. Frankum and Pannell, JJ., concur.*