22527. DAVIS et al. v. RESERVE INSURANCE COMPANY.

Argued July 13, 1964—Decided September 11, 1964—
Rehearing denied October 19, 1964.

*Phillip Slotin,* for plaintiffs in error.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Assistant Attorney General,* for party at interest.

*Woodruff, Savell, Lane & Williams, Edward Savell,* contra.

Almand, Justice. This case is here from the Court of Appeals by writ of certiorari. The decision of that court is reported in

*Reserve Ins. Co. v. Davis,* 109 Ga. App. 535 (136 SE2d 469). The plaintiffs in error contend that the Court of Appeals erred in construing the contract of insurance against coverage. The necessary facts for our decision are as follows. The Reserve Insurance Co., the defendant in error, brought a declaratory judgment action against the plaintiffs in error, George P. Davis, Mrs. William T. Carson and Kenneth Robbins, seeking a declaration of its rights under an insurance policy issued to George P. Davis. The case was tried on the following stipulation of facts (facts not pertinent to our decision here are omitted): George P. Davis had his driver's license revoked and was required to submit a policy of liability insurance in order to have it reinstated; Davis did not own an automobile, but needed the license to drive as a truck driver for his employer, Terminal Transport, Inc.; Davis contacted an insurance agency and explained that "he was a truck driver and needed the insurance in order to have his license reinstated"; a policy containing a non-owner endorsement and listing the occupation of Davis as "Truck Driver" was issued to Davis by the defendant in error "in order to conform to the requirements of the Georgia Safety Responsibility Laws"; the non-owner endorsement provided: "It is agreed that such insurance as is afforded by the policy . . . applies with respect *to the use of any automobile by* or on behalf of the named insured . . . subject to the following provisions. . . . 2. The insurance does not apply: . . . (b) to *any automobile* while used in a business or occupation of such named insured . . . *unless operated* or occupied by such named insured . . .."; the defendant in error issued a certificate to the Department of Public Safety which indicated on its face that the policy issued to Davis was an operator's policy; exclusion A of the policy issued to Davis provided that the policy did not apply when any automobile covered by the policy was used as a livery conveyance, unless the said use was specifically declared in the policy; after the policy was issued, "while defendant Davis was operating a livery conveyance on behalf of Terminal Transport, Inc., the said truck was involved in an accident which resulted in the death of William T. Carson and bodily injury to defendant Kenneth Robbins"; the

legal representatives of Carson and Robbins filed suit against Davis.

Based on the stipulation of fact the trial court held that coverage existed. The Court of Appeals reversed and denied coverage, holding that the exclusion was in effect since the policy did not contain a specific declaration for the coverage of a livery conveyance. This court granted certiorari. We are concerned here with the Georgia Motor Vehicle Safety Responsibility Law and the effect of the certificate issued to the Department of Public Safety by the defendant in error.

Financial responsibility laws are designed to protect the general public. Automobile liability policies issued pursuant to financial responsibility laws are to be construed in conjunction with such laws. Where a term is defined in a financial responsibility law a similar term used in connection with an automobile liability policy, which is issued in accordance with the law, must be construed in the light of such law. 7 Am. Jur. 2d 299, Automobile Insurance, § 7; American Mut. Liability Ins. Co. v. Chaput, 95 N.H. 200 (60 A2d 118); Hartford Accident &c. Co. v. Come, 100 N.H. 177 (123 A2d 267); Gray v. Citizens Cas. Co., 286 F2d 625 (88 ALR2d 989). In the certificate issued to the Department of Public Safety it was certified that Davis had been issued an operator's policy. The Georgia Motor Vehicle Safety Responsibility Law defines operator as "Every person who is in actual physical control of a motor vehicle." *Code Ann.* § 92A-601. Thus the effect of the certificate issued to the Department of Public Safety by the defendant in error was to certify that George P. Davis had automobile liability insurance which covered him while operating a motor vehicle regardless of whether or not the motor vehicle was being used as a livery conveyance.

An insurer will be barred from asserting that coverage does not exist under an automobile liability policy if he has certified in accordance with a financial responsibility law that the policy issued to the insured does provide such coverage and a driver's license is issued on the basis of such certificate. Inland Mut. Ins. Co. v. Stallings, 263 F2d 852. "For example, where the insurer, by its certificate, induced the issuance of an unrestricted

driver's license to the insured, it was liable for the insured's operation of an automobile irrespective of the ownership thereof and notwithstanding the 'Operator's Only Endorsement' which excluded coverage for the operation of the vehicles owned by the insured." 12, Couch On Insurance, 45:735. The defendant in error has certified to the Department of Public Safety that the insured has a policy which provides him with automobile liability insurance while operating a motor vehicle, and the Department of Public Safety, in reliance on this certificate, has reinstated the insured's driver's license. Having made it possible for the insured to return to the highways by certifying that the general public is afforded certain protection, the defendant in error is in no position to deny, at a later date, the existence of this protection and thereby thwart the purpose of the Georgia Motor Vehicle Safety Responsibility Law. The defendant in error is barred from denying that coverage exists when the insured drives a motor vehicle used as a livery conveyance.

The Court of Appeals erred in holding that coverage did not exist.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent because the terms of the written contract are violated by the ruling of the majority.

Candler, J., concurs in this dissent.