## 48290. LIBERTY MUTUAL INSURANCE COMPANY v. COBURN.

ARGUED JULY 2, 1973 — DECIDED JULY 16, 1973 — REHEARING DENIED JULY 30, 1973 —

*Corish, Smith, Remler & Moore, Malberry Smith, Jr.,* for appellant.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, Richard A. Rominger, J. Daniel Falligant,* for appellee.

DEEN, Judge. ■ Appellant strenuously contends that the judgment in favor of Coburn against Stutts in the original tort action is void for lack of proper service and that it was entitled to produce evidence to this effect. The Civil Practice Act, much like former Code § 110-701, provides: "A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed." Code Ann. § 81A-160 (a). The methods listed are motion for new trial (involving matter extraneous to the record), motion to set aside (for a nonamendable defect appearing on the face of the record) and complaint in equity based on fraud, accident, mistake, or acts of the adverse party unmixed with fault or negligence on the part of the defendant. Code Ann. § 81A-160 (f) also resembles former Code § 110-709 in providing that a judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. But where it is shown that there is general judgment by a court of competent jurisdiction, there is a presumption in its favor that every fact necessary to make it valid and binding was before the court. *Stuckey v. Watkins,* 112 Ga. 268 (1) (37 SE 401, 81 ASR 47); *Marshall v. Russell,* 222 Ga. 490 (1) (150 SE2d 667). The record in the tort action was introduced in evidence and shows that there was proper service of the petition on the Secretary of State of Georgia; and that the latter forwarded notice and copy thereof by registered mail to "Charles E. Stutts" at the alleged address of the nonresident defendant, 1603 Cook Street, High Point, North Carolina, where it was receipted for by "Mrs. Charles Stutts" but later returned to the Secretary of State marked "not Charles E. Stutts." The defendant's name was in fact Charles C. Stutts. Plaintiff amended, curing the misnomer, and the Secretary of State remailed the notice to Charles C. Stutts which

was forwarded to the same address. It was returned marked "Refused." On the basis of these facts the trial court entered an order declaring service perfected and setting a date for answering the petition. No answer was ever made and there was no appearance by the defendant or his insurer.

May the garnishee under these circumstances offer parol evidence to show that the judgment was void for lack of jurisdiction in that, as it contends, the Charles E. Stutts who lived at 1603 Cook Street, High Point, was not the defendant but his father, that this was in fact not the address of Charles C. Stutts, that the defendant had no notice or knowledge of the suit, was not properly served under Code Ann. § 68-802, and the judgment on which the garnishment was based was therefore void for lack of jurisdiction of the person? The garnishee could not open up the original case for this purpose by filing a motion for new trial or motion to set aside since it was not a party to that case. Whether or not it could have filed a complaint in equity for this purpose, such a requirement would only lead to a multiplicity of actions. "A valid existing judgment against the defendant is a condition precedent to a judgment against the garnishee; and the latter may contest the validity of the judgment when the same is offered as a basis for a judgment in the garnishment case." *Ingram v. Jackson Mercantile Co.,* 2 Ga. App. 218 (2) (58 SE 372). *Merchants' & Mfrs.' Nat. Bank v. Haiman,* 80 Ga. 624 (5 SE 795) held that when judgment is about to be entered up against a garnishee it is both the right and duty of the latter to inquire into the validity of the antecedent judgment on which the garnishment is based. Put another way, the burden is on the plaintiff in garnishment to prove a valid judgment against the defendant before he is entitled to the fund. In the present case the presumption of the regularity of the prior judgment cannot obtain because there is an order of the trial judge showing that he based jurisdiction in the tort action on the notice provided by the first registered letter forwarded by the Secretary of State and directed to Charles *E.* Stutts an existing person living at the address shown. All that appears in the tort record regarding the notice and other correspondence directed to Charles *C.* Stutts is that they were refused by an undesignated person. The trial court did not pass on their efficacy; therefore, there is no presumption either way. The garnishee had a right to introduce parol evidence to establish that the judgment in that case was void because of lack of proper service.

■ From the evidence offered it appears that the defendant

Charles C. Stutts resided with his father Charles E. Stutts at the address given at the time of the collision; that he gave this address as one where he could always be reached; that as a member of the armed services he later went to Oklahoma where he had a box office mailing address in Ardmore and, when he discontinued this, left the High Point address where his parents lived as his forwarding address with the postal authorities there; that he did this for the particular purpose of having his mother take care of certain mail being sent to Ardmore; that his mother wrote the word "Refused" on the second registered notice, and that at that time she had notice of the lawsuit, but that the defendant himself had no such notice. In *Roland v. Shelton,* 106 Ga. App. 581, 584 (127 SE2d 497) it was held: "With respect to *proof* that the defendant actually received notice of the pendency of the action 'reasonable probability' is all that is required, in the absence of a contrary assertion by the defendant [Cits.], but the *fact of service* and *proof thereof* are two entirely different things, and jurisdiction is dependent upon the *fact* and not merely the *proof thereof.*" A defendant may not refuse to accept service of the notice sent by the Secretary of State and thus exculpate himself; proof that there was proper service on the Secretary of State, proper notice sent by him by registered mail to the defendant at his address, and refusal by the latter, amounts to proper service so as to give the court jurisdiction. "The process must be served, as provided by the act, on the Secretary of State, and where so served and notice is duly given to the defendant, either by the Secretary of State or the plaintiff as required by the act, irrespective of whether the defendant actually received such notice, and where the statute is otherwise complied with, due and legal service has been perfected." *Mull v. Taylor,* 68 Ga. App. 663 (1) (23 SE2d 595). And where the notice is received by the defendant's employee or agent, and the latter fails to inform the defendant, the notice is nevertheless sufficient. As stated in *Dunn v. Royal Bros. Co.,* 111 Ga. App. 322, 325 (141 SE2d 546): "The plaintiff here, having strictly complied with the statute in all respects, should not be made to suffer the consequences of such neglect on the part of the defendant's employee." Here, the defendant's mother, who had regularly been receiving mail for her son forwarded to that address in accordance with his own directions, had no right to refuse the registered notice and other correspondence pertaining to the lawsuit. Since the defendant chose to make his parents' home his "address" for the purpose of receiving mail, he is bound thereby, regardless of actual

notice to him personally. The judgment in the tort action was not void for lack of jurisdiction.

■ The "on the spot" insurance required to be extended by Budget Rent-a-Car Corp. of America (a U-Drive-It owner within the purview of Code Ann. § 92A-621) and its insurer, the garnishee here, carried a policy limit of $100,000 bodily injury per person. The verdict of $60,000 in the main case was well within that limit. The garnishee, conceding that Stutts was an insured, contends in the alternative either that it is liable in no amount because Stutts, by failing to notify of the pendency of the tort action, violated the policy cooperation cause, or that in any event it should not be liable for more than $10,000, the minimum security required to be available under Code Ann. § 92A-610. We agree with the holding in Spicer v. American Home Assurance Co., 292 F. Supp. 27, 33, that "under the Georgia Statute [the Motor Vehicle Safety Responsibility Act, Code Chapter 92A-6], a breach of the policy conditions between the insured and the company, may not defeat the public third-parties claims, when there is actual notice to the company of the suits," the Act having been passed for the protection of the public. See to the same effect *Continental Cas. Co. v. Owen,* 90 Ga. App. 200 (82 SE2d 742), dealing with a different policy provision. The tort judgment being in fact within policy limits, the cases of *LaHatte v. Walton,* 53 Ga. App. 6 (184 SE 742) where the amount sued for exceeds the policy limit, and *Pilot Freight Carriers v. Parks,* 80 Ga. App. 137 (2) (55 SE2d 746) where the verdict exceeded the policy limit are not in point. We have showed in the preceding division of this opinion that it was proper to introduce parol evidence on the question of notice, and this ruling includes the testimony of the plaintiff's attorney as to his very extensive efforts to locate Stutts and achieve delivery of the suit papers directly to him. These efforts included a trip to North Carolina and personal conversation with Stutts' parents at the address given by him; inquiries to army and postal authorities, and extensive telephoning to both North Carolina and Oklahoma in an effort to follow up on the scanty information obtained. It also included notice to the garnishee appellant of every step of the case, and copies of the suit papers, which were received by the latter more than four months prior to the trial. The evidence is uncontested that Stutts, due to his parents' actions, had no actual personal knowledge of the filing of the suit, but the appellant did. The inference is inescapable that it made no effort whatever to communicate with its insured or to advise the parents to do so,

although it had knowledge of the situation, and a jury would be authorized to conclude that it failed to take any action in the expectation of ultimately raising the defense here urged. However, "wilfulness and fraud are essential ingredients to substantiate the defense of failure to co-operate." *State Farm Mut. Auto. Ins. Co. v. Wendler,* 117 Ga. App. 227, 231 (160 SE2d 256). "The insurer has the burden of showing, prima facie, a violation of the agreement by the insured and *that it has been diligent and acted in good faith in seeking to obtain the insured's co-operation." H. Y. Akers & Sons v. St. Louis Fire & Marine Ins. Co.,* 120 Ga. App. 800 (3) (172 SE2d 355) (Emphasis supplied.) Where the insurance is mandatory and charged with a public interest, where the insured, although notified in terms of law, has no actual knowledge of the suit nor copies of the legal papers involved, and where, on the other hand, the insurer, with full knowledge of all these facts,fails to make any effort to contact the insured and refuses to undertake any defense of the action, it is not entitled to defend so as to insulate itself against a subsequent judgment based on lack of cooperation by the insured. The insurer here possessed all relevant information; the insured, none. The situation is different from, and this ruling is at least for the time being restricted to, situations arising under Code Ann. § 92A-621, where the insured has become such as an adjunct to renting an automobile already covered by a master policy, and the insurance charge is included by the lessor as a part of the overall transaction. The same result was reached in Barrella v. Stewart, 228 Md. 378 (179 A2d 886), where it was held that, the insurance having been afforded in conformity with statute, the insurer was precluded from raising the defenses of lack of notice by the insured where it did in fact have notice and was not prejudiced thereby. "Because it is injured members of the public who are sought to be protected under such an act and such a policy when issued, the policies are generally construed liberally to accomplish their purpose. 7 Appleman, Insurance Law and Practice, § 4295. Ordinary defenses, such as lack of notice, as in this case, or other forms of non-cooperation by the insured, have been held unavailable to an insurer under such a policy." Id., p. 386. See also a number of cases to the same effect collected in 31 ALR2d 645, Anno. § 3.

The attempted intervention in the case by the judgment defendant Stutts was properly refused, since he failed to place himself within any of the occasions when such right may be exercised under Code Ann. § 81A-124. Under the undisputed

evidence the garnishee is liable as a matter of law, and the trial court properly directed a verdict in favor of the plaintiff.

*Judgment affirmed. Quillian, J., concurs. Bell, C. J., concurs in the judgment only.*