20502

Aaron L. METCALF, Administrator of the Estate of Donald Eugene Metcalf, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent.

(237 S. E. (2d) 370)

*James B. Drennan, III,* of *Butler, Means, Evins & Browne,* and *M. Noel Turner* of *Burts, Turner, Hammett & Harrison,* and *Charles A. Rice, Jr., Boyd, Rice & Pruitt,* Spartanburg, *for Appellant,*

*James W. Hudgens,* of *Ward, Howell, Barnes, Long, Hudgens & Adams,* Spartanburg, *for Respondent,*

August 31, 1977.

LEWIS, Chief Justice:

The question to be decided involves the validity of a provision in a certified operator's policy of automobile liability

insurance, issued in 1967, whch excluded coverage while the insured was operating an automobile owned by a member of his household.

Appellant's intestate, Donald Eugene Metcalf, was killed in a one-car accident on August 12, 1967, while riding in an automobile driven by Wayne Cecil Radford but owned by Radford's wife. Judgments in the total amount of $20,-000.00 were subsequently obtained in 1973 against Radford for the wrongful death of Metcalf.

At the time of the accident, there was in force a "non-owner's policy" of automobile liability insurance issued to Radford by respondent, United States Fidelity and Guaranty Company, and certified by respondent to the Safety Responsibility Section of the South Carolina Highway Department as proof of financial responsibility of the insured (Radford). The policy was certified pursuant to the requirements of the South Carolina Motor Vehicle Safety Responsibility Act (Section 46-701 *et seq.*, 1962 Code of Laws) in order for Radford to retain his license to drive a motor vehicle. The Motor Vehicle Safety Responsibility Act has been subsequently amended, but our references are to the 1962 Code sections which control the provisions of the present policy issued in 1967.

The policy issued to Radford was an operator's or non-owner's policy and the certificate of financial responsibility filed by respondent with the State Highway Department stated that it was an "Operator's policy—Applicable to any non-owned vehicle."

Although the policy issued by respondent was a non-owner's or operator's policy, covering the insured (Radford) only while operating automobiles not owned by him, it contained a clause which excluded coverage while or if the insured was operating an automobile owned by a member of the insured's household.

Demand for payment of the coverage under Radford's policy was refused by respondent on the ground that the

insured was operating the automobile of his wife (a member of his household) at the time of the accident and coverage was therefore excluded under the foregoing exclusionary clause. Appellant contended that the exclusion upon which respondent relied was void because it conflicted with the Financial Responsibility Certificate filed by respondent with the State Highway Department, and because it was repugnant to the provisions and requirements of the South Carolina Motor Vehicle Safety Responsibility Act then in effect. The issues were submitted to the lower court for determination under an agreed statement of facts, resulting in a determination that the exclusionary clause in question was valid and precluded recovery. This appeal is from that judgment.

We think that the exclusionary clause in question was in conflict with the requirements of the Motor Vehicle Safety Responsibility Act then in effect and, therefore, reverse.

Radford (the insured) was required to give proof of financial responsibility and, under Section 46-722 of the 1962 Code was required to "give and thereafter maintain proof of financial responsibility on *all motor vehicles owned or operated*" by him. The short and conclusive answer to the present question is that a certified operator's policy that excluded coverage when the insured was operating an automobile owned by a member of his household patently failed to provide proof of financial responsibility on *all* motor vehicles *operated* by the insured as required by the statute (Section 46-722). See: *National Fire Insurance Company v. Jordan*, 258 S. C. 56, 187 S. E. (2d) 230.

Respondent certified that it had issued an operator's policy of insurance to the insured "as required by the financial responsibility laws and regulations of this State." The statute required proof of responsibility on *all* automobiles operated by the insured. The effect of respondent's certificate was to certify that the policy provided the statutory coverage and, having so certified, is now barred from asserting that the required coverage does not exist under the policy issued.

*Davis v. Reserve Insurance Company,* 220 Ga. 335, 138 S. E. (2d) 657.

The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of appellant.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.