37472. YOUNG v. ALLSTATE INSURANCE COMPANY.

CLARKE, Justice.

The United States Court of Appeals for the Fifth Circuit has certified the following question to this court: Where a policy is issued under Georgia's compulsory automobile insurance plan (Ga. Code Ann. § 68C-601), does the insured's failure to notify the insurer of a lawsuit against him, as required by the policy, constitute a defense to the insurer's liability to the injured third party who initiated the lawsuit?

We conclude that the failure of the insured to notify the insurer of the lawsuit against him does not constitute a defense to the insurer's liability. This is true even though the insurance has been extended by the insurer under the assigned risk plan set out in Code Ann. § 68C-601.

The availability of the defense of lack of notice to an assigned risk insurer's liability to an injured third party is a question of first impression in Georgia. The majority rule is that lack of notice to the insurer provides no defense where insurance is compulsory. Annot., 31 ALR2d 645 (1953). The rule adopted by a majority of other jurisdictions is based upon the proposition that financial responsibility laws are enacted for the benefit of the public rather than for the benefit of the insured. Therefore, the failure of the insured to comply with the policy provisions should not defeat the rights of those for whose benefit the law requiring the policy was enacted.

A statute can best be construed by first identifying the mischief which motivated the legislature to act. The mischief here was the exposure of the motoring public to injury and damage at the hands of financially irresponsible drivers. The enactment of the assigned risk

plan found in Code Ann. § 68C-601 indicates a determination by the General Assembly that the innocent should not bear the loss. Although the precise question before us has not been addressed by the Georgia courts, we have espoused the principle that financial responsibility laws are designed to protect the general public and that automobile liability policies are to be construed in conjunction with these laws. *Davis v. Reserve Ins. Co.,* 220 Ga. 335 (138 SE2d 657) (1964).

A question related to that before us was addressed by the Court of Appeals in *Liberty Mut. Ins. Co. v. Coburn,* 129 Ga. App. 520 (200 SE2d 146) (1973). The court held the insured's failure to give notice as required by the policy would not relieve a compulsory liability insurer from liability to an injured third party where there has been actual notice and the insurer has not been prejudiced by insured's failure to cooperate.

The situation here is different in two respects. In the first place, the failure of the insured to live up to his obligations under the policy has resulted in there being not only a failure of notice but a default judgment as well. The second distinguishing characteristic is that the insurance was issued under the assigned risk plan.

Beginning with the premise that the financial responsibility laws are enacted for the protection of the public, it is obvious that the need for this protection is particularly acute when a driver who is a poor risk is operating an automobile. This is the policy behind the assigned risk plan to which automobile insurers who do business in the state must subscribe. Under the plan insurers are assigned applicants who are unable to obtain policies through ordinary methods. Allstate insists that the Georgia cases and cases from other jurisdictions relied upon by the injured party are not applicable where the insurer has been compelled to accept an insured under the assigned risk plan. Allstate argues that the vulnerability of the assigned risk insurer is intolerable unless ordinary defenses are available. While we agree that the exposure of the insurer is high in this situation, the heightened need for protection of the public outweighs the insurer's need for defenses. Therefore, the status of the insured as an assigned risk insurer will not compel a finding that policy defenses are available.

There remains the question whether the fact that insurer was without actual notice of the lawsuit insulates insurer from liability. We find that it does not. The financial responsibility laws are enacted for the benefit of the public. That the legislature intended that the public be protected even in the face of additional exposure to the insurer is clear from its providing for the assigned risk plan. The additional risk is simply part of the cost of doing business in the state.

The comprehensive scheme for protection of third parties may not be thwarted by defenses which would be available vis-a-vis the insurer and insured. This is so even though the insured has no notice of the lawsuit.

*The question is answered in the negative. Jordan, C. J., Smith and Gregory, JJ., concur. Hill, P. J., and Marshall, J., dissent.*

DECIDED SEPTEMBER 24, 1981 —
REHEARING DENIED OCTOBER 27, 1981.

*Hilton & Martin, L. H. Hilton, Falligant, Kent & Toporek, Ashley Royal,* for appellant.

*Allgood & Childs, Richard R. Mehrhof, Jr., Thomas F. Allgood,* for appellee.

*Ogden Doremus, Eugene P. Chambers, Jr., Glover McGhee,* amicus curiae.

HILL, Presiding Justice, dissenting.

The court follows the majority rule that "lack of notice to the insurer provides no defense where insurance is compulsory," citing Annot. 31 ALR2d 645. However, the lack of notice referred to in that annotation appears to be notice of the accident, see 31 ALR2d § 2 at 647, not notice of the suit. Compare Gergely v. Pioneer Mut. Cas. Co., 48 Ohio L. Abs. 376 (74 NE2d 432, 31 ALR2d at 649) (1947). The question here involves notice of the suit.

Moreover, as the annotation points out, the cases which make up the majority rule arise under statutes which frequently provide specifically that lack of cooperation of the insured or failure to give notice (of the accident) to the insurer will not defeat the right of recovery from the insurer by the injured person. 31 ALR2d at 647. The Georgia statute has neither of these provisions and certainly no provision which says that the insurer shall be liable to pay a default judgment against its insured where the insurer had no notice of the suit. I would have thought, at least in the absence of statute or policy provision regarding notice of suit, that no insurer would be liable for a judgment against its insured without notice of the suit. In the absence of waiver, either statutory or contractual, due process of law requires notice before a judgment is binding.

An injured plaintiff who can identify and sue an insurer after taking a default judgment against the insured, can identify and notify the insurer before taking the default judgment. See *Liberty Mut. Ins. Co. v. Coburn,* cited in the majority opinion. Due process requires it.

I am authorized to state that Justice Marshall joins in this dissent.