69171. BERRYHILL v. STATE FARM FIRE & CASUALTY COMPANY.
(329 SE2d 189)

POPE, Judge.

On March 22, 1978 vehicles driven by appellant Virginia Berryhill and Jerry Delton Kicklighter, the insured of appellee State Farm, collided. On April 13, 1978 State Farm paid Berryhill $200.92 in full settlement on all property claims arising from the collision. On March 24, 1980 Berryhill filed suit against Kicklighter for personal injuries allegedly arising from the 1978 collision. It is stipulated by the parties that Kicklighter did not notify State Farm about the lawsuit, and that he completely disregarded the lawsuit. On February 18, 1983 Berryhill took a default judgment against Kicklighter in the amount of $18,176.98. On February 22, 1983 counsel for Berryhill notified State Farm by letter of the default judgment. The record shows that this was the first notice State Farm had received from anyone regarding the lawsuit against its insured, Kicklighter.

Kicklighter's policy of insurance contains the following pertinent

provisions: "Notice . . . If claim is made or suit is brought against the *insured*, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." "Action Against Company. No action shall lie against the company: (a) unless as a condition precedent thereto there shall have been full compliance with all terms of this policy." Berryhill then brought the present suit against State Farm alleging that State Farm was obligated to pay the judgment incurred by its insured. Both sides moved for summary judgment, and the trial court granted summary judgment to State Farm while denying it to Berryhill. *Held*:

The issue in this case is whether an insurance company, absent any notice of a lawsuit against its insured either from the insured or from any other person, can be held liable for a judgment obtained against the insured. Berryhill argues that the holding in the case of *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981), is controlling in the present case. In *Young* the Supreme Court held that in policies issued pursuant to the assigned risk plan set out in OCGA § 40-9-100 (then Code Ann. § 68C-601) the failure to give notice of a lawsuit against the insured to the insurance company by either the insured or any other person did not constitute a defense to the insurer's liability. The rationale for the holding was "based upon the proposition that financial responsibility laws are enacted for the benefit of the public rather than for the benefit of the insured. Therefore, the failure of the insured to comply with the policy provisions should not defeat the rights of those for whose benefit the law requiring the policy was enacted." *Young* at 350. Berryhill argues that all vehicle insurance policies in this state are now issued pursuant to a compulsory insurance plan, the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq. Under the statutory scheme each owner of a vehicle registered in this state must have statutorily prescribed minimum coverage. Therefore, Berryhill argues that the holding in *Young* unquestionably extends to the present case.

Several factors militate against this. Although the decision in *Young* was rendered some seven years after the Georgia Motor Vehicle Reparations Act became law, the court in *Young* very carefully restricted its holding to the assigned risk plan set out in OCGA § 40-9-100. Certainly, some of the circumspection was due to the limits of the certified question presented. However, we cannot attribute such caution solely to that reason. In reaching its decision, the court relied on two earlier cases, *Davis v. Reserve Ins. Co.*, 220 Ga. 335 (138 SE2d 657) (1964), and *Liberty Mut. Ins. Co. v. Coburn*, 129 Ga. App. 520 (200 SE2d 146) (1973). Each of these cases dealt with a statute singling out a particular class of the motoring public and requiring certain compulsory insurance. In *Davis*, it was insurance issued pursuant to the Georgia Motor Vehicle Safety Responsibility Law; in *Coburn*, it

was insurance required on a rental car. Of course, in *Young* it was motorists under the assigned risk plan. These are motorists whose driving records cause them to be a particularly high risk for an insurance company. Absent compulsion from the state, such motorists would not be able to obtain insurance and therefore would not be able to operate a vehicle within the state. Thus, in each of these cases, the motoring activity poses a greater than normal risk to the citizens of the state. Therefore, a public policy preferring innocent third parties to insurance companies in these cases is reasonable. However, this policy has never been extended to those cases involving insurance coverage for the average motorist. Rather, it was treated as a matter of contract between the insurer and the insured. See generally *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (3) (231 SE2d 245) (1976), and the cases cited therein.

Therefore, it is our opinion that the holding in *Young*, supra, does not extend to or control the present case. The contract of insurance between the insured and State Farm requires that State Farm receive notice of the lawsuit. Without such notice the contract stipulates that the company will not be liable upon the policy. It is undisputed that State Farm did not receive notice of the lawsuit until after a default judgment had been taken. The purpose of the notice requirement is to give the company an opportunity to investigate and marshall defenses at a time when events are fresh in the witnesses' recollections. *Bituminous Cas. Corp. v. J. B. Forrest & Sons*, 132 Ga. App. 714 (1) (209 SE2d 6) (1974). The harm that can be done by lack of notice is obvious in the present case. Suit was not filed until two years and two days from the date of the accident. Immediately apparent is a statute of limitation defense which the lack of notice of the suit to the company prevented the company from asserting on behalf of the insured.

Finally, we note that the General Assembly has made the public policy in this area clear. OCGA § 33-7-15 (a), effective November 1, 1982, specifies that all policies of insurance on motor vehicles shall contain language requiring the insured to notify the insurer as soon as practicable of any summons or process related to coverage under the policy. Failure to so notify the insurer constitutes a breach of the insurance contract and relieves the insurer from any duty to defend and any liability on any judgment resulting from the suit. OCGA § 33-7-15 (b). The law does provide that notice of the suit may be given by a person other than the insured. OCGA § 33-7-15 (c). If notice is provided, coverage would apply. We note that this law was effective some three and one-half months before Berryhill took her default judgment. At no time before judgment did Berryhill send notice to State Farm pursuant to OCGA § 33-7-15 (c). For the foregoing reasons we find that the trial court did not err in granting summary judgment to

State Farm and denying it to Berryhill.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

### On Motion for Rehearing.

On motion for rehearing Berryhill argues that the decision in *Cotton States Mut. Ins. Co. v. Neese,* 173 Ga. App. 62 (2) (325 SE2d 431) (1984), is, contrary to our holding that *Young v. Allstate Ins. Co.,* 248 Ga. 350 (282 SE2d 115) (1981), is not controlling in the present case. We do not agree that the decision in *Cotton States* requires a different result in the present case. *Cotton States* dealt with an exclusion of all coverage when the insured used the insured auto to flee arrest. The court, citing *Young,* held that minimum liability coverage is mandated by the state and is for the benefit of the public rather than the insured. The court concluded that the exclusion was void as against public policy. Although the court quoted from *Young,* it is apparent that its holding in regard to the exclusion rests primarily upon the rationale of *Anderson v. Southeastern Fidelity Ins. Co.,* 251 Ga. 556 (307 SE2d 499) (1983). We also note that notice to the insurer was not an issue in *Cotton States.* It is the central issue in the present case. .

As we have noted in our opinion, the law was made clear regarding notice to be provided to an insurer with the enactment of OCGA § 33-7-15, effective November 1, 1982. This section mandates that an insurer receive notice of a suit from either an insured or a third party before the insurer can be held liable for any judgment on the suit. No such notice was given to the insurer in this case. Berryhill took her default judgment some three and one-half months after the effective date of OCGA § 33-7-15, yet she did not comply with its provisions. Therefore, the decision in *Young,* even applied as Berryhill argues is mandated by the decision in *Cotton States,* does not require that we change the result in the present case.

*Judgment adhered to.*

### Decided March 4, 1985 —
##### Rehearing denied March 22, 1985 —

*Richard E. Nettum,* for appellant.
*R. Kelly Raulerson,* for appellee.