A90A1321. CHAMPION v. SOUTHERN GENERAL INSURANCE COMPANY.
(401 SE2d 36)

SOGNIER, Judge.

Southern General Insurance Company filed a declaratory judgment action seeking a determination of its obligation to pay A. J. Champion the available limits of property damage under an automobile insurance policy it had issued to its insured, Bobby Raymond Wood. The trial court granted Southern General's motion for summary judgment, and Champion appeals.

Appellant and appellee's insured, Wood, were involved in an automobile accident on May 21, 1985. It is uncontroverted that appellee was notified about the accident. On February 16, 1987, appellant filed suit against Wood to recover damages arising out of the accident. The judgment in that action, attached to the affidavit of appellee's claims department manager, Joe Brakebill, established that 45 days after filing of the complaint, Wood had made no appearance, filed no answer, and made no response to appellant's requests for admission. Brakebill averred that appellee was not notified by any party that appellant had brought suit against Wood and that appellee did not learn of the suit until after judgment had been entered against Wood.

1. Appellant contends that the trial court erred by granting summary judgment in favor of appellee. OCGA § 33-7-15 provides that "(a) [n]o motor vehicle liability insurance policy covering a motor vehicle principally garaged or principally used in this state shall be issued . . . in this state unless such policy contains provisions or has an endorsement thereto which specifically requires the insured to send

his insurer, as soon as practicable after the receipt thereof, a copy of every summons or other process relating to the coverage under the policy. . . . (b) Noncompliance by the insured with this required provision or endorsement shall constitute a breach of the insurance contract which, if prejudicial to the insurer, shall relieve the insurer of its obligation to defend its insureds under the policy and of any liability to pay any judgment or other sum on behalf of its insureds."

Appellant argues that appellee was not entitled to summary judgment because it did not carry its burden of showing no questions of fact exist that it was prejudiced by the breach of the notice provision as set forth in OCGA § 33-7-15. There is no dispute that the burden was on appellee, the insurer, to prove that the noncompliance with the required notice provision in OCGA § 33-7-15 (a) was prejudicial to it so as to entitle it to claim relief from liability under the policy pursuant to OCGA § 33-7-15 (b), especially considering that appellee was the party moving for summary judgment. See generally *Lynch v. Waters*, 179 Ga. App. 222, 225 (345 SE2d 867) (1986). Furthermore, we are in agreement with appellant that prejudice under OCGA § 33-7-15 (b) is not established solely by proof that suit papers were not forwarded to the insurer. See Windt, Insurance Claims & Disputes, § 3.05, p. 109; *Washington v. Fed. Kemper Ins.*, 482 A2d 503 (Md. App. 1984).

However, the evidence in the case sub judice established not only that appellee received no notification of the suit brought against Wood, but also that the action was in default and that appellee did not learn of the action until after final judgment had been entered on the default. See OCGA § 9-11-55 (b). Thus, appellee was deprived of all opportunity to engage in discovery, present evidence and cross-examine appellant's witnesses at trial, and negotiate a pre-judgment settlement of appellant's claims against its insured. Under similar circumstances other courts have held that where the insurer has been deprived of all opportunity to defend, the mere entry of the adverse judgment is affirmative evidence of actual prejudice to the insurer. See *Washington v. Fed. Kemper Ins.*, supra at 507; *Hallman v. Marquette Cas. Co.*, 149 S2d 131 (La. App. 1963). These cases are distinguishable from the opinions in *Sinton v. Hartford Acc. &c. Co.*, 261 Cal. Rptr. 163, 167 (Cal. App. 5th Dist. 1989); *Weaver Bros. v. Chappel*, 684 P2d 123 (Alaska 1984); and *Pulse v. Northwest Farm &c. Ins. Co.*, 566 P2d 577 (Wash. App. 1977), in which the actions brought against the insureds were litigated by the defendants rather than resolved by entry of default judgment.

Prejudice to the insurer where no notice has been received until after default judgment has been entered is clearly demonstrated by considering the insurer's position under the Civil Practice Act: the judgment against the insured must first be challenged under OCGA §

9-11-60 for a nonamendable defect appearing on the face of the record or pleadings, see *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583) (1983), and should the judgment be set aside, the procedure for opening default, see OCGA § 9-11-55 (b), must then be followed and that statute's requirements fulfilled. See generally *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328-329 (1) (329 SE2d 545) (1985). To construe OCGA § 33-7-15 (b) in the manner proposed by appellant would thus require the insurer to prove not only that it had defenses it could have asserted had it received notice of the suit before default, but that those defenses would *not* constitute nonamendable defects appearing on the face of the record or pleadings, since otherwise the insurer would not be "prejudiced" by the final judgment in that it could move to set it aside based on those defenses.

The language from *Berryhill v. State Farm Fire &c. Co.*, 174 Ga. App. 97 (329 SE2d 189) (1985), relied upon by appellant, does not support a conclusion that, in addition to the entry of final judgment, an insurer must present evidence indicating precisely how its defense of the insured was prejudiced by the lack of notification before it is entitled to summary judgment based on OCGA § 33-7-15 (b). The decision in *Berryhill*, supra, was based primarily on a provision in an insurance policy which predated the enactment of OCGA § 33-7-15 but which required basically the same notification as that set forth in the statute. We noted that "[w]ithout such notice [of the institution of an action] the contract stipulates that the company will not be liable upon the policy. . . . The purpose of the notice requirement is to give the company an opportunity to investigate and marshall defenses at a time when events are fresh in the witnesses' recollections. [Cit.] The harm that can be done by lack of notice is obvious in the present case. Suit was not filed until two years and two days from the date of the accident. Immediately apparent is a statute of limitation defense which the lack of notice of the suit to the company prevented the company from asserting on behalf of the insured." Id. at 99.

It is "immediately apparent" that the court in *Berryhill* was not addressing what an insurer must show to prove prejudice under OCGA § 33-7-15 (b), but rather was commenting on one harmful consequence of the insured's breach of the notice provision in the insurance policy. To interpret *Berryhill* as proposed by appellant would stretch the true holding in that case, which, as we have recently stated, is "that OCGA § 33-7-15 operate[s] to insulate an insurer from liability on a default judgment obtained against its insured by a third party where the insurer had received no notice of the pendency of the action prior to the entry of the judgment." *Starnes v. Cotton States Mut. Ins. Co.*, 194 Ga. App. 320, 322 (1) (390 SE2d 419) (1990).

Therefore, we reject appellant's argument that an insurer must prove it has no grounds to set aside a final judgment in a default

situation before it carries its burden of showing prejudice under OCGA § 33-7-15 (b). Rather, we hold that the insurer's introduction of sworn testimony establishing that the insurer received no notification of a suit brought against its insured until after final judgment had been entered in a default situation is sufficient to carry the insurer's burden of showing prejudice under OCGA § 33-7-15 (b) so as to relieve the insurer of its obligations under the policy to defend the suit and pay any judgment entered against its insured. In the case sub judice, the affidavit of Brakebill constituted the evidence necessary to carry the burden placed on appellee in that it contained the averments, uncontroverted by any evidence adduced by appellant, not only that appellee received no notification of the suit, but also that appellee was not aware of appellant's suit until *after* judgment had been entered by default.

2. Although appellee carried its burden of showing prejudice by proving that default judgment had been entered against its insured before it received any notification of the suit, that does not conclude our consideration of the issue. "When the defendant-movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met [its] burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain." (Punctuation and citations omitted.) *West End Investments &c. v. Hills*, 188 Ga. App. 274, 277 (372 SE2d 665) (1988). While appellant filed no affidavits to rebut appellee's motion for summary judgment, our review of the record discloses that in appellee's complaint for declaratory judgment, appellee admitted that the attorney for appellant had notified appellee that "he intends to take action to 're-open the default judgment [appellant] received against [Wood].'" Appellee has adduced no evidence to rebut the inference that acceptance of appellant's offer to set aside the default judgment and to litigate de novo the issue of appellee's insured's liability would cancel the prejudice appellee experienced by the earlier failure to receive notification of the suit appellant brought against Wood. In this regard we are persuaded by the holding in *Home Indem. Co. v. Walker*, 273 A2d 429, 430-431 (CA Md. 1971), see also *North River Ins. Co. v. Gourdine*, 135 SE2d 120, 124-125 (Va. 1964), to the effect that an offer by the party injured by the insured to vacate the default judgment obtained against the insured, thereby providing the insurer with the opportunity to defend the suit, cross examine the witnesses, and present evidence on its insured's liability and the damages incurred, constitutes some evidence to rebut the insurer's claim that it was prejudiced by the earlier entry of default judgment.

Accordingly, since appellee's own evidence established that appellant has offered to open the default judgment, a genuine issue of

material fact remains whether the prejudice appellee experienced as a result of its failure to receive notification of appellant's suit against Wood until after default judgment had been entered may be eliminated by appellant's offer. Therefore, the trial court erred by granting summary judgment in favor of appellee.

3. Our holding in Division 2 renders it unnecessary to address appellant's remaining enumeration of error.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur in the judgment only.*

DECIDED DECEMBER 4, 1990 —
REHEARING DENIED DECEMBER 19, 1990 — 

*Berlin & Hodges, Robert A. Berlin,* for appellant.
*Jones, Cork & Miller, Brandon A. Oren, Rufus D. Sams III,* for appellee.