A98A0149. WEEKES v. NATIONWIDE GENERAL INSURANCE COMPANY.
(500 SE2d 620)

ELDRIDGE, Judge.

This appeal arises from the trial court's grant of summary judgment to Nationwide General Insurance Company ("Nationwide") on a petition for declaratory judgment filed by the plaintiff, Glennis Weekes. We reverse.

Viewing the evidence in the light most favorable to the plaintiff,[1] the record shows the following: On November 22, 1994, the plaintiff was injured when an automobile in which she was a passenger collided with an automobile driven by James Anthony Flack. It is undisputed that, at all times relevant to this case, Flack was insured by Nationwide. On January 6, 1995, the plaintiff sent a certified letter notifying Nationwide of the collision. On March 22, 1995, the plaintiff sent a formal demand letter, via certified mail, in which she detailed the facts surrounding the collision, itemized damages incurred, and offered to settle the claim for $13,000. The letter also stated that, if no communication was received from Nationwide's office within 15 days, the plaintiff would consider the offer rejected and would "proceed with suit immediately."

On April 27, 1995, Beverly James of the Nationwide Claims Department sent a letter to the plaintiff acknowledging receipt of the March 22, 1995 letter; James requested additional medical records, which were promptly sent by the plaintiff. Nationwide subsequently offered to settle the plaintiff's claim for $900; the offer was rejected on May 17, 1995. The plaintiff's rejection letter included the following paragraph: "Be informed that if a fair counter offer to settle is not made within five (5) days, the attached *Complaint* will be filed in the State Court of Dekalb County." (Emphasis in original.) Attached to the letter was a copy of a proposed complaint naming Flack as the defendant.

On July 12, 1995, the plaintiff filed a complaint in the State Court of DeKalb County in the exact form as the proposed complaint. The plaintiff then sent a cover letter, a "courtesy copy" of the complaint, and a copy of the Sheriff's entry of service on Flack (hereinafter collectively referred to as the "letter/courtesy copy"), to Nationwide on July 19, 1995. Notably, this letter/courtesy copy was sent to Beverly James at the same address as every other letter referenced above, as well as the address which was listed on Nationwide's letterhead.

When Flack failed to answer the complaint, the plaintiff secured a default judgment in the amount of $13,000 on November 13, 1995. The plaintiff sent a copy of the judgment by facsimile to Nationwide on November 16, 1995. On November 27, 1995, Nationwide Claims Attorney David Sims sent a letter to the plaintiff confirming that Flack had failed to notify Nationwide of the pending suit, as required by OCGA § 33-7-15 (a);[2] Flack's failure to notify Nationwide is undis-

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] OCGA § 33-7-15 (a) requires an "insured to send his insurer, as soon as practicable after the receipt thereof, a copy of every summons or other process relating to the coverage under the policy. . . ." Noncompliance with this provision breaches the insurance contract

puted. However, Sims also asserted that, since the plaintiff failed to send a copy of the summons or complaint to Nationwide by *certified* mail, as required by OCGA § 33-7-15 (c),[3] "Nationwide is relieved of its obligation to defend under the policy or to pay any judgment."

On December 15, 1995, the plaintiff filed a petition for declaratory judgment against Flack and Nationwide to determine the legal relationship between the parties. Nationwide timely answered the petition. The answer contained the following admission: that the plaintiff "sent a 'courtesy copy' of the complaint with a letter dated July 19, 1995, which was not sent certified mail, the content of the letter speaks for itself."

Both parties moved for summary judgment, and on December 17, 1996, the trial court granted Nationwide's motion. The plaintiff moved for reconsideration of the order, but such motion was denied on March 3, 1997. This appeal follows.

1. In the plaintiff's first two enumerations of error, she challenges the trial court's reliance on Sims' affidavit, asserting that the affidavit was legally defective and was not based on the affiant's personal knowledge.

Pursuant to OCGA § 9-11-56 (e), affidavits made in support of a motion for summary judgment must be made on personal knowledge and must attach sworn or certified copies of all papers referred to in the affidavit. Further, affidavits must contain a "jurat or attestation, by an officer authorized to administer the oath, that the *affidavit was actually sworn to and subscribed before him by the affiant*. [Cit.]" (Punctuation omitted; emphasis supplied.) *Glenn v. MARTA*, 158 Ga. App. 98, 99 (279 SE2d 481) (1981).

In this case, the plaintiff correctly points out that the affidavit was signed by Sims on September 10, 1996, but the attestation by the notary public was dated the next day, September 11, 1996. As such, it would appear that the affidavit was signed by the affiant outside the presence of the notary, so that the affidavit is facially defective.

However, such error is an amendable defect and does not render the affidavit void ab initio. See *Mellon Bank v. Coppage*, 243 Ga. 219 (253 SE2d 202) (1979); *Horizon Credit Corp. v. Lanier Bank &c. Co.*, 220 Ga. App. 362 (469 SE2d 452) (1996). Further, the plaintiff failed to raise this issue in the court below, and therefore, it is waived. Id. at 364; *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 440 (280

---

and, if it results in prejudice to the insurer, relieves the insurer of any liability to pay a judgment on behalf of the insured. OCGA § 33-7-15 (b).

[3] OCGA § 33-7-15 (c) permits a third party to protect their right to recover from the insurance company by sending a copy of the summons or other process to the insurer "by certified mail within ten days of the filing of such documents with the clerk of the court."

SE2d 842) (1981).

2. As to whether or not the affiant had the requisite personal knowledge of the facts asserted in the affidavit, Sims states that he was not the custodian of the records at the time the plaintiff allegedly sent Nationwide the letter/courtesy copy on July 19, 1995. He admits that he did not receive the claim file until another claims adjuster resigned from her job sometime between July 12, 1995 (when the suit was filed) and November 21, 1995 (when Nationwide received a copy of the default judgment). As such, Sims has no personal knowledge as to whether or not the notice actually was sent by the plaintiff or received by Nationwide. See OCGA § 9-11-56 (e). Sims admits in the affidavit that his knowledge regarding whether the plaintiff notified the insurance company of the pending suit was based *solely* on his review of Nationwide's claim file.[4]

Therefore, the affidavit must be read to assert only that, at the time Sims reviewed the claim file, *the file did not contain a notation of receipt of the plaintiff's actual notice of the pending suit or the plaintiff's letter/courtesy copy*. See OCGA § 9-11-44 (a). This assertion is far different from that proposed by Nationwide, i.e., that the plaintiff had failed to notify Nationwide of the suit. Giving all positive inferences to the plaintiff, as non-movant, one certainly could infer that the absence of a document or a notation of receipt of the plaintiff's letter/courtesy copy in Nationwide's claim file may have been due to an oversight or negligence on the part of Nationwide's employees and *not* due to the plaintiff's failure to send the letter/courtesy copy.

3. We now turn to the plaintiff's assertion that Sims' affidavit was insufficient to support the trial court's grant of Nationwide's motion for summary judgment. On summary judgment, Nationwide, as movant, can prevail only if it is able to pierce the plaintiff's complaint by showing an absence of evidence to support an essential element of the complaint or by disproving an essential element. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In this case, Nationwide is unable to do either.

(a) Nationwide asserts that it is entitled to summary judgment because it is undisputed that the plaintiff did not notify it of the pending suit *by certified mail*. Although OCGA § 33-7-15 (c) seems to require such certification, we cannot accept such a strict construction

---

[4] However, we note that no sworn or certified records are attached to the affidavit, nor are any such records included in the record on appeal. As such, the affidavit is legally insufficient to prove the affiant's assertions based thereon. *Paulin v. Okehi*, 264 Ga. 604, 605, n. 2 (449 SE2d 291) (1994); *Val Preda Motors v. Nat. Uniform Svc.*, 195 Ga. App. 443 (393 SE2d 728) (1990); *Pratt v. Tri City Hosp. Auth.*, 193 Ga. App. 473 (388 SE2d 69) (1989); see also *Vickers*, supra at 439. Even so, as no such objection was raised in the court below, it is waived. *Horizon Credit Corp.*, supra at 364.

of the statute, since it would allow an insurance company to escape liability on a claim *even when it admits* that it received notice of the suit and had time to conduct discovery, but did nothing simply because the plaintiff failed to give notice via certified mail.[5] Such construction undermines the statute's very purpose.

"The primary purpose of the notice requirement contained in OCGA § 33-7-15 is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances. [Cit.]" *Chadbrooke Ins. Co. v. Fowler*, 206 Ga. App. 778, 780 (426 SE2d 578) (1992). Stated another way, such notice allows an insurer "to investigate and marshall defenses at a time when events are fresh in the witnesses' recollections. [Cit.]" *Berryhill v. State Farm Fire &c. Co.*, 174 Ga. App. 97, 99 (329 SE2d 189) (1985) (holding that "[i]f notice is provided, coverage would apply"). "OCGA § 33-7-15 operates to insulate an insurer from liability on a default judgment obtained against its insured by a third party where the insurer had received *no notice* of the pendency of the action prior to the entry of the judgment. *Starnes v. Cotton States Mut. Ins. Co.*, 194 Ga. App. 320, 322 (1) (390 SE2d 419) (1990)." (Punctuation omitted; emphasis supplied.) *Champion v. Southern Gen. Ins. Co.*, 198 Ga. App. 129, 131 (401 SE2d 36) (1990) (involving uncontroverted evidence that no notice was given to the insurer until after a default judgment had been entered).

Therefore, whether or not such notice was given via certified mail is irrelevant when considering Nationwide's motion for summary judgment. While such certification would certainly make the plaintiff's burden of proving such notification *at trial* much easier, the plaintiff's failure to certify is not dispositive on the issue of *whether notice to Nationwide of the pending suit was, in fact, given within ten days of filing the claim*. When considering the plaintiff's petition for a declaratory judgment, this is the only issue that must be decided by the trial court.

(b) In moving for summary judgment on the plaintiff's petition for declaratory judgment, Nationwide primarily relied on Sims' affidavit. We previously found that this affidavit can be construed to assert only that Nationwide's claim file contained *no record of receipt* of the plaintiff's letter and courtesy copy of the complaint. See Division 2, supra.

In contrast, the plaintiff's verified petition for declaratory judgment asserts that the letter/courtesy copy was sent to Nationwide on July 19, 1995, seven days after the plaintiff filed her complaint. See

---

[5] We note that, while certified mail provides affirmative evidence of delivery, by its very nature, it gives notice to the addressee that the letter contains some legal communication that can be foiled by the refusal to accept the letter. Thus, requiring that notice be given by certified mail is a questionable method to ensure delivery.

OCGA § 33-7-15 (c). In support of her assertion, the plaintiff attached a copy of the letter to her pleadings. "Verified pleadings have been held to be equivalent to a supporting or opposing affidavit for purposes of raising an issue of fact on summary judgment. [Cit.]" *Harrison v. Harrison*, 159 Ga. App. 578 (284 SE2d 83) (1981).

Further, the plaintiff asserts that Nationwide's answer to her petition, which admits that the plaintiff sent the letter/courtesy copy to the insurance company on July 19, 1995, supports her claim that notice was given. We agree that Nationwide's answer is an admission in judicio that can be used against it. See OCGA § 24-3-30; *Aycock v. Calk*, 228 Ga. App. 172, 173-174 (491 SE2d 383) (1997). "Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in [the opposite party's] favor." (Citations and punctuation omitted.) *Metro Leasing v. Health, Ed. &c. Svcs.*, 193 Ga. App. 157, 158 (387 SE2d 399) (1989).

Therefore, considering the evidence in the light most favorable to the plaintiff, a fact question exists as to whether the plaintiff notified Nationwide of the pending suit within ten days of its filing. As such, it was error for the trial court to grant summary judgment on this issue.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 30, 1998 —
RECONSIDERATION DENIED APRIL 10, 1998 —

*Yvonne Twyman-Williams*, for appellant.
*Murray & Associates, Larry E. Stewart*, for appellee.