966 F.2d 628
 STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Plaintiff-Appellee,
v.
J.H. STANLEY, Indiv. and as Temporary Adm of the Estate of
Mary Ann Stanley, Deceased; Spencer Youngblood, Defendants,
Betty B. Blocker; Merriam Kenneth Blocker, Defendants-Appellants.
 No. 91-8431.
 United States Court of Appeals,
Eleventh Circuit.
 July 16, 1992.
 
 B. Daniel Dubberly, Jr., Glennville, Ga., for defendants-appellants.
 Joseph H. Barrow, Beckmann & Pinson, Savannah, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before HATCHETT and BIRCH, Circuit Judges, and MORGAN, Senior Circuit Judge.
 BIRCH, Circuit Judge:
 Betty and Merriam Blocker appeal the grant of State Farm's summary judgment motion by the United States District Court for the Southern District of Georgia in State Farm's declaratory judgment action. 773 F.Supp. 1539. Insurer, State Farm, brought this action claiming that under O.C.G.A. § 33-7-15(b) (Supp.1991) it was not obligated to defend its insured, Mary Ann Stanley, or responsible to a third party for its insured's liability. O.C.G.A. § 33-7-15(b) relieves an insurer of its policy obligations when the insured fails to timely notify it that a covered action has been brought against the insured. In order to carry the substantive burden of its claim, State Farm was required to show that any notice by its insured of an adversarial lawsuit was unreasonably delayed and that this delay resulted in material prejudice. See id. As the party seeking summary judgment, State Farm had the burden of showing the absence of any material issues of fact with respect to both prongs of its action--the unreasonable delay in notification and the resulting prejudice. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). For the reasons that follow, we REVERSE the grant of summary judgment.
 I. BACKGROUND
 The automobile accident underlying this litigation occurred on November 16, 1988. Mary Ann Stanley was operating a vehicle owned by Spencer Youngblood, who was insured by Pinnacle Insurance Company. Mary Ann struck a vehicle owned by Betty and Merriam Blocker in Tattnall County, Georgia, injuring the Blockers. As Youngblood's automobile insurance carrier, Pinnacle was the primary insurer with respect to this collision. State Farm was the excess insurer under a policy issued to Mary Ann's spouse, J.H. Stanley. J.H. Stanley was not aware that his wife was covered under his State Farm policy because the couple was separated and planning to divorce.
 
 
 1
 On January 10, 1989, Betty and Merriam Blocker filed separate suits in state court against Mary Ann, seeking damages for their injuries resulting from the November, 1988, collision. Pinnacle Insurance Co. retained the law firm of Kent, Rackett & Nelson to defend Mary Ann under the policy issued to Youngblood. Mary Ann Stanley died on April 6, 1989, and J.H. Stanley, as temporary administrator of her estate, was substituted as party-defendant in the state court cases. Pinnacle then paid the limits of its coverage, $100,000.00, to the Blockers. On September 5, 1989, the Blockers' attorney asked Pinnacle's attorney whether Mary Ann was covered under her husband's policy with State Farm. On September 13, 1989, State Farm received notice of the suits filed against Mary Ann.
 
 II. DISCUSSION
 
 2
 We now address the question of Georgia law presented to us: whether under O.C.G.A. § 33-7-15(b) an insured--who has breached her contractual duty to notify her insurer of a suit filed against her relating to the coverage of her automobile liability insurance policy--has left the insurer materially prejudiced by that delayed notice when the insured driver of the vehicle has died prior to such notice. If such material prejudice is proven, the insurer is released from any obligation to pay under the policy to a third party. See id. The district court granted the insurer summary judgment in its declaratory judgment action, finding that there was no disputed material issue of fact, that in notifying the insurer eight months after suit was filed against insured the insured had unreasonably delayed, and that the insurer was materially prejudiced by that delayed notice as a matter of law because the insured driver of the car involved in the litigated collision had died, depriving the insurer of the opportunity to interview or depose this key witness in any defense of the suit.
 
 
 3
 In its consideration of a summary judgment motion, "the court must view all evidence most favorably toward the non-moving party, and all justifiable inferences are to be drawn in the non-moving party's favor." Hoffman v. Allied Corp., 912 F.2d 1379, 1383 (11th Cir.1990). Only two submissions of evidence were presented by State Farm in support of their claim of prejudice. First, State Farm noted that the suit papers were not forwarded to it in a timely manner. Such evidence, however, was found to be inadequate to establish prejudice in Champion v. Southern General Insurance Co., 198 Ga.App. 129, 401 S.E.2d 36, 38 (1990). Second, State Farm offered the fact that the insured died prior to the insurer's receipt of notice of the lawsuits. State Farm did not offer any evidence as to why Pinnacle's questioning of Mary Ann was inadequate. Neither has it suggested any item of investigation or legal strategy it would have performed differently with respect to this now unavailable witness.
 
 
 4
 The Blockers, the non-moving party, presented several undisputed facts, claiming that the inferences which must be drawn therefrom should defeat State Farm's summary judgment motion. In fact, the law firm retained by Pinnacle in this case is occasionally retained by State Farm to represent its policyholders. It is undisputed that these lawyers provided a proper and adequate defense for Mary Ann up to the time that State Farm assumed her defense. Additionally, Pinnacle's attorneys discussed the facts of the accident with the insured prior to her death, and Pinnacle has delivered to State Farm all of its files and information with respect to this case, including a written statement from Mary Ann and other witnesses made shortly after the accident occurred. We find that these facts constitute "some evidence to rebut the insurer's claim that it was prejudiced" by delayed notice of the lawsuit. See Champion, 401 S.E.2d at 39.
 
 
 5
 The holding which State Farm proposes that this court adopt is a per se rule that if an insured--who was involved in the underlying occurrence of the litigation--dies prior to the insurer's receipt of notice of suit, then the insurer is considered materially prejudiced. We refuse to adopt such a per se rule. Instead, we hold, under the facts of this case, that State Farm failed to carry its burden of proving prejudice sufficiently to support summary judgment; to establish prejudice it must show some deficiency in the investigation or defense undertaken prior to its notification, as well as evidence as to what the insurer would have done differently to prevent the prejudice which it alleges to have suffered.
 
 III. CONCLUSION
 
 6
 In light of the fact that State Farm has the burden of proving material prejudice from the delayed notice of suit by its insured, and drawing all inferences from the evidence in favor of the non-moving party, we cannot find per se that State Farm was entitled to a finding that the insured's death constituted material prejudice. For the foregoing reasons, we REVERSE the district court's grant of State Farm's motion for summary judgment, and we REMAND the case for further proceedings consistent with this opinion.