### 52299. HARTFORD ACCIDENT & INDEMNITY COMPANY v. STUDEBAKER et al.

STOLZ, Judge.

The plaintiffs filed their complaint against Hartford Accident & Indemnity Co. and Peagler and Manley Insurance Agency, Inc., alleging that the plaintiffs had obtained a judgment in Clinch Superior Court against Ernest Bennett as a result of a motor vehicle collision on February 9, 1974; that the judgment in favor of Charles Huey Studebaker was $30,000 and that in favor of Kathy Ann Bradford Studebaker was $10,000; that Ernest Bennett was an uninsured motorist; that on October 10, 1973, the plaintiffs purchased an automobile liability insurance policy with uninsured motorist protection through Peagler and Manley Ins. Agency, Inc.; that said policy was issued by Hartford Accident & Indemnity Co.; that Hartford and Peagler & Manley were served in the action filed by the plaintiffs against Ernest Bennett; that neither Hartford nor Peagler & Manley had paid the judgments against Ernest Bennett to the extent of their coverage; and that the defendants had acted in bad faith.

Demand for judgment was for $20,000 plus interest penalty and attorney fees and costs.

After answer by both defendants, the court granted Peagler & Manley's motion for judgment upon the

pleadings, upon the grounds that the complaint alleged that Peagler & Manley was an agent of Hartford and that the complaint alleged that the policy had issued as applied for. The case proceeded to trial with Hartford as the only defendant.

At the conclusion of the plaintiffs' evidence, the defendant moved for a directed verdict in its behalf on two grounds, one of which was that there was no proof that the original tortfeasor, Ernest Bennett, was an uninsured motorist at the time of the collision. The trial judge denied this motion and the subsequent motion for judgment notwithstanding the verdict following the adverse jury verdict.

1. In their respective complaints, the plaintiffs alleged that the defendant had insured them under an automobile liability insurance policy containing a stated amount of uninsured motorist insurance coverage. The defendant denied this allegation. The plaintiffs also alleged that they were injured as the result of the negligent operation of a motor vehicle driven by Ernest Bennett, an uninsured motorist. In answering this allegation, the defendant stated that it was without information sufficient to form a belief as to the truth of the allegation. Thus, the threshold proof required of the plaintiffs in order to recover, was (1) the existence of a policy of liability insurance containing uninsured motorist protection, and (2) that Ernest Bennett was an uninsured motorist at the time of the incident complained of. In support of (2), supra, the plaintiffs showed that they had obtained judgments against Ernest Bennett; that the judgments had not been paid; that demand had been made on Hartford for payment and refused; that Hartford was served with a copy of the plaintiffs' complaints against Ernest Bennett, but did not make an appearance in either of the cases; and that Ernest Bennett was sued in both cases as an uninsured motorist.

"It is a condition precedent to an action against an automobile liability insurance carrier to recover under the provisions of Code § 56-407A [subsequently recodified as Code Ann. § 56-407.1] on account of injuries and damages to the plaintiff resulting from the negligence of a known uninsured motorist, that suit shall

have been brought and judgment recovered against the uninsured motorist." *State Farm &c. Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364). This requirement may be waived by the insurer, *U. S. F. & G. Co. v. Lockhart,* 124 Ga. App. 810, 811 (1) (186 SE2d 362), 229 Ga. 292 (191 SE2d 59), but nothing in this record indicates a waiver by the insurer, or can be so construed. Indeed, the record is bare of any evidence to support the plaintiffs' claims on this critical issue. The courts cannot presume that the tortfeasor was an uninsured motorist. As we have noted, the defendant's response to the allegation in the plaintiffs' complaint created an issue of fact which required proof for resolution. The burden of that proof is on the plaintiffs, and was not carried by the evidence presented in the trial court.[1] The trial judge erred in denying the defendant's motion for directed verdict and subsequent motion for judgment notwithstanding the verdict.

2. The remaining enumerations of error, some of which are meritorious and would require at least the grant of a new trial, are not passed upon, as the issue resolved in Division 1 is dispositive of this appeal.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED JUNE 7, 1976 — DECIDED JULY 6, 1976 — REHEARING DENIED JULY 20, 1976 —

*Blackburn & Bright, J. Converse Bright,* for appellant.

*Knight, Perry & Franklin, W. S. Perry, Brooks E. Blitch,* for appellees.

---

[1]See 26 ALR3d 883, 892 (§ 4), sufficiency of evidence to show uninsured status for cases with pertinent factual situations.