## 52868. GREENE v. GRAHAM et al.

SMITH, Judge.

This case arises upon appeal to this court from an order authorizing the adoption of a minor child of the appellant by the stepfather, appellee. Appellant and his wife, the mother of the child, were divorced by a decree. Kenneth Edward Greene, appellant, was ordered to pay the sum of $40 per month for support and maintenance of the minor child of the parties, the subject of this adoption proceeding. Mrs. Greene subsequently remarried and both she and her husband brought the present adoption proceedings in the Superior Court of Hart County, Georgia. The complaint as originally drawn alleged the father was a nonresident of the state and service was attempted on him by certified mail at Paradise Ridge Trailer Park, Enca, North Carolina. This mail was returned marked "Addressee Unknown." The petition was then amended alleging the father was a nonresident and his whereabouts unknown and service was perfected by publication by publishing the notice once a week for four weeks in the official organ of the county where the proceedings were pending in accordance with § 5 of the Act of 1941 as amended (Ga. L. 1941, pp. 300, 302; Ga. L. 1966, pp. 212, 213; Ga. L. 1967, pp. 6, 7; Code Ann. § 74-408). The hearing, in accordance with the notice given by publication, was set for March 12, 1973. On the 12th day of March, 1973, the court entered an order reciting that a hearing was had and that "at the hearing of said matter no sufficient cause being shown, said adoption order is hereby granted and made final."

On February 20, 1976, the appellant, father of the child, filed a petition in the Superior Court of Hart County denying that "a certified letter containing a petition, order, motion and amended adoption petition and notice were forwarded to said father at his last known address, all as required by law," and that for that reason, this court failed to acquire jurisdiction due to lack of proper service. He prayed that the final order of the adoption be set aside because of this, or that in the alternative he be afforded a hearing before the court, "wherein he can demonstrate that the necessity for his consent as natural father" of the

child "was not dispensed with due to his wanton and wilful failure to comply with the final judgment and decree of divorce." There is no transcript of the proceedings on the hearing had prior to the final order of adoption but there is a transcript of the evidence produced on the hearing had on the motion to set aside. This hearing was had on the 19th day of May, 1976, and the trial court entered an order stating that the matter had come on for a hearing and that both the petitioner and defendant (in the motion to set aside) were both present represented by counsel and that evidence was further heard and considered; he then ordered and decreed that the motion to set aside the final order of adoption be denied and reaffirmed the order of adoption entered on March 12, 1973. The father appealed. *Held:*

1. The appellant contends the court erred in holding "that appellant had received notice reasonably calculated under all the circumstances, to apprise appellant of the pendency of the adoption proceedings and to afford him an opportunity to present his objections to the proposed adoption." We find no such ruling in the record. We do find that the trial court issued an order that the defendant had been served by publication as required by the statute. No constitutional attack was made upon the statute; we, therefore, hold that enumeration of error No. 1 shows no cause for reversal. We might further state that the hearing had pursuant to his petition to set aside the final order of adoption was full and adequate, and was one which he sought. Under these circumstances we do not feel he is entitled to complain of the lack of an opportunity to present his objections to the proposed adoption. See in this connection, *Carpenter v. Forshee,* 103 Ga. App. 758 (120 SE2d 786).

2. Enumeration of error No. 2 complains that the trial court "erred in refusing to place the burden of proof on appellees to prove appellants alleged wanton and wilful failure to, for a period of 12 months or longer, comply with a final judgment and decree entered by the lower court herein." The record of the hearing does not disclose that the trial judge placed the burden of proof on appellees, although the question of burden of proof was discussed. The trial judge, however, failed to rule on the

question stating that he wanted to hear the evidence and he would study the matter.

3. The above being the only enumerations of error presented to the court, the judgment of the court below is affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 4, 1976 — DECIDED NOVEMBER 9, 1976.

*Johnson & Craig, William Thomas Craig,* for appellant.

*Harper & Matthews, Eugene W. Harper, Jr., Robert D. Matthews,* for appellees.