## 54417. TUCKER v. DIMPFL et al.

McMurray, Judge.

This is an adoption proceeding brought by the maternal grandparents to adopt two children of their daughter, having had possession of these children for five years. The daughter (natural mother) has consented to the adoption. The basis for the adoption without the consent of the natural father is abandonment.

The father denied abandoning the children and avers he is ready, willing and able to accept custody of said children and that the adoption petition be denied.

At the final hearing it was stipulated that the sole issue remaining before the trial court was that of whether or not the father had abandoned the children so as not to require his consent to the adoption. The court rendered findings of fact that after the parents separated the father failed to appear one year later at a juvenile court hearing concerning the minor children; that from the date of separation to the date of filing of this petition for adoption he had contributed not more than $50 to support said minor children and only since the filing of this petition for adoption has he paid $35 per week for their support by order of the Family Court of the State of New York. The court's conclusions of law were that a "settled purpose to forgo parental duties [had been] shown by the parent forgoing the human and spiritual duty of the father to furnish love and affection" without good reason given why he could not, and further that, although not conclusive, the failure to supply material support is evidence of intention to abandon; and that the father has abandoned the children within the meaning of Code Ann. § 74-403 (Ga. L. 1941, pp. 300, 301; 1950, pp. 289, 290; 1957, p. 367; 1960, pp. 791, 792; 1967, pp. 107, 108) and his consent to the adoption is not necessary. The court then proceeded to declare the children to be the adopted children of the petitioners in accordance with the law. The contesting father appeals. *Held:*

1. In an adoption proceeding where the trial judge sits as the trier of factual issues and considers the credibility of the witnesses, including the parties, if there be any evidence to support the findings of the trial court

this court must affirm. *West v. West,* 228 Ga. 397, 398 (185 SE2d 763); *Hamrick v. Seward,* 126 Ga. App. 5, 7 (189 SE2d 882).

2. We do not have the issue of whether the father had wantonly and willfully failed to comply with an order of court to support the children for a period of 12 months or longer as was the case in *Hamrick v. Seward,* 126 Ga. App. 5, 7, supra, but as stated by the court in its findings of fact, the father had abandoned the children by reason of his lack of interest, failure to furnish love and affection without good reason given to show why he could not (see *Daniel v. O'Kelley,* 227 Ga. 282, 287 (180 SE2d 707)), and the failure to supply material support for a period of more than four years, even though at one time he had contributed a small sum albeit same was not in keeping with his ability to pay. All of the enumerations of error involve sufficiency of the evidence as to the issue of abandonment. That evidence being ample to support the conclusions of law and findings of fact by the court, the enumerations of error are not meritorious.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 14, 1977.

*Sarah Mallas Wayman,* for appellant.
*Custer, Smith & Manning, Lawrence B. Custer, W. Sammy Garner, III,* for appellees.