### 59065. BENTLEY v. McSWAIN.

McMURRAY, Presiding Judge.

This case involves a petition for adoption of a minor child by its stepfather. The natural mother consented to the adoption by her husband. The petition was filed on May 3, 1979, yet the adoption law was amended by Ga. L. 1979, pp. 1182-1196 to become effective July 1, 1979. The hearing in this case was held on August 20 and 23, 1979, with a final order of adoption on August 28, 1979.

The petitioner alleged the mother, his wife, had custody by reason of a decree of divorce dated July 25, 1979, wherein the natural father was required to pay

child support and that after due and diligent search he could not be located and that he had failed without justifiable cause for a period of one year prior to the filing of the petition for adoption to provide for the care and support of the child as required by law and the decree of court. Service by publication was authorized. Thereafter the father filed objections to the adoption and denied that he had abandoned the child in any manner and seeks to visit and continue as the father of said child.

The court rendered its findings of fact and conclusions of law after a two-day hearing in which it found that the natural father had failed to provide for the care and support of said child as required by law and the judicial decree of the court for a period of one year or more prior to the filing of the petition. This was based upon the admission by the father that he had failed to do so but contended he had not done so because he did not know where his former wife was located who had custody of the child. The court also found that failure to provide the care and support was wilful and wanton and was without legal justification or reasonable cause, amounting to a disregard of duty and in violation of the court order requiring him to pay monthly support. The court concluded as a matter of law that the parental rights of the natural father had terminated by reason of his failure without justifiable cause to support the child for a period of more than one year prior to the filing of the petition for adoption as required by law and the judicial decree of the court. The court then found that the adoption was in the best interest of the child and granted the petitioner's prayer of adoption. The natural father appeals. *Held:*

1. The father's main defense for non-payment of support was that the mother had refused to allow him visitation rights to visit the child (which the mother denied) and that he was unable to locate her in order to make payments of support to her for more than twelve months prior to the filing of the adoption proceedings. All of the nine enumerations of error involve the insufficiency of the evidence to justify termination of his parental rights and also that inasmuch as the wife had refused to allow him to visit the child the trial court erred in failing to apply the provisions of the Georgia Child Custody

Intrastate Jurisdiction Act of 1978 (Ga. L. 1978, pp. 1957-1960; Code Ann. Ch. 24-3B) in that so long as visitation rights are withheld in violation of the custody order, a change of custody should not be allowed as found in Section 5 (b) thereof. He also enumerates errors to the finding of fact relating to the wilfulness or wantonness, in that it was not supported by the evidence.

While the petition alleged that the natural father, after due and diligent search, could not be located, nevertheless both parties were residents of Gwinnett County, Georgia, although there was some evidence that the father had been sojourning or working in the State of Tennessee during the year 1978. The mother testified that the last payment of support was on March 22, 1978, and that no other payments were made. She also testified that the father was aware of where she lived and knew that she had remarried and that his mother and sister also were aware of her location.

Under the circumstances, the evidence was sufficient for the court to determine and find as a matter of fact that the father failed to care for and support said child as required by law and the judicial decree to pay monthly support for a period of more than one year prior to the filing of the petition; that same was wilful and wanton and without legal, just, and reasonable cause. The trial court did not err in terminating his parental rights for this failure; and in otherwise finding that it was in the best interest, welfare and happiness of the child that it be adopted by its stepfather. The evidence was sufficient to support the findings of the trial court in allowing the adoption. See Code Ann. § 74-405 (Ga. L. 1977, pp. 201, 211; prior to amendment by Ga. L. 1979, pp. 1182, 1187, effective July 1, 1979); *Tucker v. Dimpfl,* 143 Ga. App. 545 (239 SE2d 215); *Hamrick v. Seward,* 126 Ga. App. 5 (189 SE2d 882); *Nix v. Sanders,* 136 Ga. App. 859, 860 (223 SE2d 21); *Carpenter v. Forshee,* 103 Ga. App. 758 (120 SE2d 786); *Young v. Foster,* 148 Ga. App. 737, 739 (4, 5) (252 SE2d 680).

While the evidence was such that the court could have found that the mother had refused visitation privileges and had segregated herself so that the natural father (former husband) could not locate her to pay her the

child support, nevertheless the trial court sought to believe the testimony of the natural mother. There is no merit in any of the enumerations of error raised by the natural father.

2. As to the contention that the natural father did not receive proper notice of the nature of the proceedings the natural father filed his objections to the proposed adoption, appeared and was heard by the court. Hence, he has no reason to complain for lack of opportunity to present his objections to the proposed adoption. See *Greene v. Graham,* 140 Ga. App. 375, 376 (1) (231 SE2d 74); *Carpenter v. Forshee,* 103 Ga. App. 758, supra. There is no merit in this complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED FEBRUARY 13, 1980.

*Gene Reeves, Jack T. Elrod,* for appellant.
*Alden W. Snead,* for appellee.