A90A1221. SOUTHERN GENERAL INSURANCE COMPANY v. THOMAS.
(397 SE2d 624)

CARLEY, Chief Judge.

Appellee-plaintiff Thomas brought suit against Roy Grissom to recover for injuries sustained in an automobile collision and he also served a copy of his complaint on appellant-defendant in its capacity as his uninsured motorist carrier. Because Safeway Insurance Company (Safeway) had issued a policy which provided liability coverage to Grissom, Safeway undertook the defense of appellee's action against Grissom. However, Grissom failed to appear for the jury trial wherein a verdict in appellee's favor was returned, and Safeway thereafter refused to pay appellee's resulting judgment on the ground that Grissom had breached the cooperation clause contained in his policy. Appellee filed a garnishment action against Safeway, but that proceeding proved to be unsuccessful. He then filed the instant contract action to recover the amount of his judgment pursuant to the uninsured motorist endorsement of his own policy with appellant. Appellant answered and denied its contractual liability to appellee. Subsequently, cross-motions for summary judgment were made. The trial court denied appellant's motion and granted summary judgment in favor of appellee. It is from that order that appellant brings this appeal, urging that its motion was erroneously denied and that appellee's motion was erroneously granted because appellee's damages are not the result of the operation of an "uninsured motor vehicle."

It is not appellee's *own* automobile that is the alleged "uninsured motor vehicle" but Grissom's. Thus, appellant's reliance upon the decisions in *Roderick v. Intl. Indem. Co.*, 183 Ga. App. 393, 394 (3) (358

SE2d 923) (1987); *Lauer v. Bodner*, 137 Ga. App. 851, 853 (2) (225 SE2d 69) (1976), and *Barras v. State Farm &c. Ins. Co.*, 118 Ga. App. 348 (163 SE2d 759) (1968) is misplaced. There is no legal bar to appellee's recovery against Grissom and appellee has, in fact, obtained a judgment against him. Thus, appellant's reliance upon the decisions in *Williams v. Thomas*, 187 Ga. App. 527 (370 SE2d 773) (1988) (exclusivity of workers' compensation remedy) and *Roderick v. Intl. Indem. Co.*, supra (family tort immunity also is misplaced). There is a policy in existence which affords Grissom liability coverage but, on the basis of Grissom's failure to cooperate, Safeway has denied coverage for the damages sustained by appellant in the collision. OCGA § 33-7-11 (b) (1) (D) (iii) defines an "uninsured motor vehicle" as one as to which there is "liability insurance and property damage liability insurance in existence but the insurance company writing the insurance has legally denied coverage under its policy. . . ." Thus, appellant's contention that appellee's damages are not the result of the operation of an "uninsured motor vehicle" would appear to be without merit. It is, however, appellant's contention that the definition of "uninsured motor vehicle" that is established by OCGA § 33-7-11 (b) (1) (D) (iii) does not extend to cover the situation where, as here, there is a liability insurance in existence *at the time of the collision* and the insurer issuing that liability policy only subsequently denies coverage on the basis of its own insured's *breach of a policy condition.*

Contrary to appellant's contention, OCGA § 33-7-11 (b) (1) (D) (iii) provides only for the liability carrier's legal denial of coverage to its insured and limits neither the timing of nor the specific basis for that legal denial. Accordingly, the uninsured motorist carrier is not insulated from potential contractual liability to its injured insured simply because the alleged tortfeasor has, at the time of the collision, a liability policy. "Should [the liability carrier] *later deny* coverage . . ., a cause of action [against the uninsured motorist carrier] *may then arise*, because *only at that time* would there be an 'uninsured' motor vehicle [as defined in OCGA § 33-7-11 (b) (1) (D) (iii)]." (Emphasis supplied.) *Yarbrough v. Dickinson*, 183 Ga. App. 489, 490 (359 SE2d 235) (1987). Likewise, the uninsured motorist carrier is not insulated from potential contractual liability to its insured simply because the liability carrier's subsequent denial of coverage is based upon its own insured's breach of a policy condition. "Where an insured tortfeasor behaves in such a way 'so as to make his policy unenforceable (*by failure to give timely notice of an accident, or the like*), the effect on his victim is very much the same as if the tortfeasor had never procured the insurance.' [Cits.] Since the [injured party] cannot legally enforce [the tortfeasor's] policy with [the liability carrier], the practical result is that [the tortfeasor] is uninsured. In such a case,

the injured party should be able to proceed against his own insurance company under his uninsured motorist coverage. [Cits.]" (Emphasis supplied.) *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50, 52 (268 SE2d 632) (1980).

It follows that the trial court erred in the instant case only if a genuine issue of material fact remains as to whether Safeway has "legally denied" liability coverage to Grissom. "[C]overage can be said to have been *legally* denied [only if] the denial is, under applicable law, *legally sustainable*." (Emphasis in original.) *Hemphill v. Home Ins. Co.*, 121 Ga. App. 323, 335 (5) (174 SE2d 251) (1970). Under applicable law, the tortfeasor's failure to cooperate *can*, under certain circumstances, form the legally sustainable basis for his liability carrier's denial of coverage. See *H. Y. Akers & Sons v. St. Louis Fire &c. Ins. Co.*, 120 Ga. App. 800 (172 SE2d 355) (1969). Compare *Hemphill v. Home Ins. Co.*, supra. Appellant makes no contention that any genuine issue of material fact remains as to whether the particular circumstances of Grissom's failure to cooperate would form a legally sustainable basis for Safeway's denial of coverage. Compare *Cotton States &c. Ins. Co. v. Proudfoot*, 123 Ga. App. 397 (181 SE2d 305) (1971). Appellant urges only that, pretermitting the existence of a legally sustainable basis for Safeway's denial of coverage to Grissom, appellee has nevertheless suffered no damages as the result of the operation of an "uninsured motor vehicle" as defined in OCGA § 33-7-11 (b) (1) (D) (iii). As discussed above, such an interpretation of OCGA § 33-7-11 (b) (1) (D) (iii) is erroneous. It follows that the trial court correctly denied appellant's motion for summary judgment and granted summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1990.

*Michael L. Wetzel & Associates, Michael L. Wetzel*, for appellant.

*Crim & Bassler, Philip G. Pompilio, Morris L. Richman, Jim White*, for appellee.