A96A1402. WILLIAMS v. SAFEWAY INSURANCE COMPANY.
(476 SE2d 850)

RUFFIN, Judge.

Scedro Williams sued Ronald Cousin for injuries allegedly sustained in an automobile collision between the parties. Williams also served the complaint on her uninsured motorist carrier, Safeway Insurance Company ("Safeway"). Safeway answered the complaint in its own name, asserting among other defenses that Cousin was not an uninsured motorist as defined by Georgia law. After trial, the jury returned a verdict in favor of Williams for $32,719.23. Safeway subsequently filed a motion for j.n.o.v. on the ground that Williams

presented no evidence showing the existence of an uninsured motorist policy or that Cousin was an uninsured motorist. The trial court granted Safeway's motion, and Williams appeals from that order. We affirm.

A j.n.o.v. is proper "when there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions, demands a particular verdict." *Cox v. State Farm &c. Co.*, 217 Ga. App. 796 (1) (459 SE2d 446) (1995). The relevant facts of this case are not in dispute. Although the record does not contain a trial transcript, Williams concedes in her appellate brief that she presented no evidence showing the existence of her uninsured motorist policy with Safeway or that Cousin was an uninsured motorist. Williams contends, however, that she was not required to present such evidence because neither issue was preserved in the pretrial order. Specifically, Williams cites paragraph 8 of the pretrial order which provides: "[t]he issues for determination by the jury are as follows: Negligence, proximate cause and damages."

Although Williams is correct that the pretrial order controls the scope of trial, and that an issue omitted from the pretrial order is waived, that is not the end of our analysis in this case. See *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 495 (313 SE2d 709) (1984). By filing an answer in its own name, Safeway gained the status of a named party which could contest its liability for coverage. *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 169-170 (268 SE2d 676) (1980). In such an action, Williams had the threshold burden to prove "(1) the existence of a policy of liability insurance containing uninsured motorist protection, and (2) that [Cousin] was an uninsured motorist at the time of the [collision]." *Hartford Accident &c. Co. v. Studebaker*, 139 Ga. App. 386, 387 (1) (228 SE2d 322) (1976). "The court[ could not] presume that [Cousin] was an uninsured motorist." Id. at 388.

Furthermore, the burden to raise these issues in the pretrial order did not rest solely on Safeway. " 'The pre-trial order is an indispensable mechanism in the (trial) court. Its purpose is to determine *which of the claims pleaded* will actually be tried. The *claims*, issues, and evidence are limited by the order and the course of the (action) is thereby narrowed to expedite the proceeding." (Emphasis supplied.) *O'Bryant*, supra at 495. Accordingly, not only was Safeway required to preserve in the pretrial order any defenses it had, but Williams was also required to preserve any claims she had. "A claim or issue, though previously raised in pleadings, is waived when it is omitted from the pretrial order. [Cit.]" *O'Quinn v. Southeast Radio Corp.*, 199 Ga. App. 491 (1) (405 SE2d 314) (1991). Thus, Williams' contention that the issues were not raised in the pretrial order is a double-edged sword which would result in a waiver for both parties.

If, as Williams contends, Safeway's liability for coverage was not an issue, then a stipulation should have been recited in the pretrial order. See, e.g., *Goolsby v. Allstate Ins. Co.*, 130 Ga. App. 881, 882 (1) (204 SE2d 789) (1974).

Moreover, the record does not support Williams' contention that the issue was not raised in the pretrial order. Paragraph 7 (b) of the pretrial order, which contains Safeway's outline of the case, states that "Safeway Insurance Company denies that the Defendant is [sic] uninsured motorist as defined under Georgia law." Although this was not stated in the pretrial order as an issue for determination by the jury, "a pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues." (Citation and punctuation omitted.) *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521, 522-523 (1) (b) (428 SE2d 426) (1993). Considering the duty of the court to construe a pretrial order liberally, we find the pretrial order in this case fairly raised the issue of Safeway's liability for uninsured motorist coverage. See id. Because Williams did not present any evidence on this issue, the trial court did not err in granting Safeway's motion for j.n.o.v.

For all the foregoing reasons, we affirm the trial court's judgment.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 8, 1996.

*Thomas F. Jones*, for appellant.
*Crim & Bassler, Nikolai Makarenko, Jr.*, for appellee.