## A02A0389. ANTHONY v. LARIOS et al.
### (568 SE2d 135)

MIKELL, Judge.

In this personal injury action arising out of an automobile accident, Callie Anthony appeals the trial court's order granting the motion for judgment notwithstanding the verdict ("j.n.o.v.") filed by her uninsured motorist carrier, Progressive Casualty Insurance Company ("Progressive"). Anthony argues that the default judgment entered against the defendant driver Israel Ulises Larios established, as a matter of law, that Larios was an uninsured motorist. Therefore, she contends, the trial court erred by granting Progressive's motion. We disagree and affirm.

"The appellate standard of review in such a case is whether the evidence, with all reasonable deductions therefrom, demanded a verdict contrary to that returned by the fact-finder."[1] The evidence shows that Anthony served her complaint on Larios and on Progressive. After Larios failed to answer the complaint, Anthony filed a motion to enter a default judgment against Larios, which the trial court granted. Progressive filed an answer in its own name admitting the negligence of Larios but raising the affirmative defense that Larios may not be uninsured. After a jury trial, the court entered a final judgment against Larios and Progressive in the amount of $8,000 plus the costs of the action. Progressive filed a motion for j.n.o.v., which the trial court granted. Anthony appeals the trial court's order.

In two separate enumerations of error, Anthony argues that the trial court erred in finding that she failed to establish that Larios was an uninsured motorist and in granting Progressive's motion. Since the finding that Anthony did not establish Larios's uninsured status was the basis for the grant of Progressive's motion, we will address her enumerated errors simultaneously.

Anthony argues that because Larios did not answer her complaint in which she alleged that he was an uninsured motorist, the trial court's entry of a default judgment against him establishes his uninsured status as a matter of law. This argument is incorrect.

"[A]n admission predicated upon a default is operative against the particular party who makes default, and does not bind a co-defendant who appears and contests the litigation. Just as a judgment is not binding on persons who are neither parties nor privies to it, so a default judgment is not binding on co-defendants who are not in default."[2] Therefore, Larios's admission by default that he is an

---

[1] *Bagley v. Robertson*, 265 Ga. 144, 145 (1) (454 SE2d 478) (1995).

[2] (Citations omitted.) *Peek v. Southern Guaranty Ins. Co.*, 240 Ga. 498, 499 (1) (241 SE2d 210) (1978).

uninsured motorist does not bind Progressive. Furthermore, we have previously held that when an uninsured motorist carrier answers and defends an action in its own name, the plaintiff has "the threshold burden to prove (1) the existence of a policy of liability insurance containing uninsured motorist protection, and (2) that [the defendant driver] was an uninsured motorist at the time of the collision."[3] Here, the existence of the uninsured motorist policy was not disputed. Though Anthony elected to exclude the trial transcript from the record, it seems clear from her argument that she did not present any evidence at trial that Larios was an uninsured motorist when the collision occurred.[4] Since "courts cannot presume that the tortfeasor was an uninsured motorist,"[5] the trial court did not err in granting Progressive's motion for j.n.o.v.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2002.

*Kenneth J. Rajotte*, for appellant.
Callie Anthony, *pro se.*
*Shur, McDuffie, Brockman & Williams, Reynolds E. Pitts, Jr.*, for appellees.

---

[3] (Citation and punctuation omitted.) *Williams v. Safeway Ins. Co.*, 223 Ga. App. 93, 94 (476 SE2d 850) (1996).

[4] We also note that we "presume the trial court's order is supported by those parts of the record designated for exclusion from the record on appeal." (Citation omitted.) *Battaglia v. Duke*, 230 Ga. App. 667, 670 (1) (497 SE2d 250) (1998).

[5] *Hartford Accident &c. Co. v. Studebaker*, 139 Ga. App. 386, 388 (1) (228 SE2d 322) (1976).