A05A1514. SCHOWALTER v. WASHINGTON MUTUAL BANK.
(620 SE2d 437)

BLACKBURN, Presiding Judge.

Following a bench trial, Deborah Schowalter appeals from a judgment establishing a first priority deed to secure debt in favor of Washington Mutual Bank on certain property owned by her, and awarding to the bank $65,000 in attorney fees and expenses of litigation. She argues that the trial court (1) wrongly concluded that her counterclaims were not included in the pretrial order, and (2) improperly permitted the bank to pursue its claim for attorney fees and expenses after the bank had withdrawn the claim earlier in the litigation. Finding no error, we affirm.

On appeal from a bench trial, we do not retry the case. Rather,

[t]he appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the "any evidence" rule. As such, the sole question for determination on appeal is whether there is any evidence to authorize the trial court's judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. This is true regardless of whether evidence also existed that may have supported [the] appellant['s] position. In the absence of legal error, an appellate court is without jurisdiction to interfere with a judgment supported by some evidence.

*Ovrevik v. Ovrevik.*[1]

So viewed, the record shows that Schowalter owned two properties, one in California and one in Georgia. Both properties were financed through the same bank. At some point, Schowalter obtained a new loan from the bank with the intention of refinancing the California property. Due to an internal error on the part of the bank, the funds intended to pay off the old California loan were mistakenly applied to pay off the Georgia loan. Then, because the loan was paid in full, the bank discharged the lien on the Georgia property.

Upon discovering its error, the bank sought to reestablish its priority lien on the Georgia property and to have the funds transferred from the Georgia loan to the California loan. Schowalter believed she was entitled to keep the funds and would otherwise not cooperate with reestablishing the Georgia lien.

The bank eventually filed suit seeking declaratory judgment and equitable relief, together with attorney fees and expenses. At the conclusion of a bench trial, the court reestablished the Georgia lien in priority position and awarded attorney fees and expenses of $65,000 pursuant to OCGA § 13-6-11. Schowalter appeals this judgment.

1. Schowalter contends that the trial court wrongly concluded that her counterclaims were not specifically set forth in the pretrial order, and therefore improperly excluded those claims.

To analyze this contention, we start with the premise that "[a] claim or issue, though previously raised in pleadings, is waived when it is omitted from the pretrial order." (Punctuation omitted.) *Williams v. Safeway Ins. Co.*[2] The rationale is that the purpose of the pretrial order "is to determine *which of the claims pleaded* will actually be tried. The *claims*, issues, and evidence are limited by the order and the course of the action is thereby narrowed to expedite the proceeding." (Punctuation omitted.) Id. Where a court excludes claims due to their omission from the pretrial order, we will reverse that ruling only if the trial court abused its discretion. *Jamal v. Hussein.*[3]

Although Schowalter argues to the contrary, nowhere in the pretrial order is there a reference to her counterclaims or related issues. At most, in her portion of the pretrial order she incorporated her "Answer and Amended Answer." She did not reference any of the counterclaims that were separately set forth in her answer and amended answer, or specifically enumerate her claims or any related

---

[1] *Ovrevik v. Ovrevik*, 254 Ga. App. 756, 759 (1) (564 SE2d 8) (2002).

[2] *Williams v. Safeway Ins. Co.*, 223 Ga. App. 93, 94 (476 SE2d 850) (1996).

[3] *Jamal v. Hussein*, 237 Ga. App. 779, 785 (4) (515 SE2d 407) (1999).

issues. Under the circumstances, we find that the trial court did not abuse its discretion. *Jamal*, supra at 785 (4).

2. Schowalter next contends that the trial court erred in permitting the bank to pursue its claim for attorney fees and expenses after the bank withdrew that claim earlier in the litigation. We disagree.

"Where [fewer] than all of a plaintiff's claims are added or dropped, the additions and deletions are ... amendments governed by the liberal amendment rules of OCGA § 9-11-15 (a) and (c)." *Young v. Rider*.[4] OCGA § 9-11-15 (a) states, in pertinent part, that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires."

> In determining whether leave to amend a pretrial order should be allowed after entry thereof, trial courts must balance possible unfair prejudice to the nonmoving party with the movant's reasons for delay. In the absence of an abuse of discretion, a trial court's action in creating, enforcing, and modifying a pretrial order will not be disturbed on appeal.

(Citation and punctuation omitted.) *Driggers v. Campbell*.[5] A trial court should construe this section liberally in favor of allowance of amendments, particularly when the opposing party is not prejudiced thereby. *Glynn-Brunswick Mem. Hosp. Auth. v. Gibbons*.[6]

The facts here show no abuse of discretion. Both the complaint and the pretrial order evidenced the bank's intention to seek attorney fees and expenses. The bank withdrew this claim during the course of the trial only in an effort to expedite the cross-examination of its witness on the question of bad faith. In consideration for the bank's withdrawal of the claim, Schowalter agreed to forego any questions on the issue, but shortly thereafter continued this line of questioning nevertheless. Because of Schowalter's dogged intention to continue litigating the issue, the court permitted the bank to reinstate its claim for attorney fees and expenses and then allowed Schowalter a complete cross-examination of the witness on the issue. Schowalter was clearly aware of, and prepared for, the bank's claim for attorney fees and expenses and cannot now claim surprise or prejudice merely

---

[4] *Young v. Rider*, 208 Ga. App. 147, 149 (2) (430 SE2d 117) (1993).

[5] *Driggers v. Campbell*, 247 Ga. App. 300, 302 (1) (543 SE2d 787) (2000).

[6] *Glynn-Brunswick Mem. Hosp. Auth. v. Gibbons*, 243 Ga. App. 341, 346 (2) (530 SE2d 736) (2000).

because the bank, in reliance on her representations (which turned out to be false), briefly withdrew this claim. See generally *Driggers*, supra.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED AUGUST 18, 2005.

*Michael P. Froman*, for appellant.
*Rachelson & White, Ira L. Rachelson*, for appellee.